## Commonwealth ex rel. Hatton *v.* Dye.

Argued March 31, 1953. Before STERN, C. J., STEARNE, JONES, CHIDSEY, MUSMANNO and ARNOLD, JJ.

*Albert A. Fiok,* Assistant District Attorney, with him *James F. Malone, Jr.,* District Attorney, for appellant.

*Albert Martin,* for appellee.

*Henry R. Smith, Jr.,* and *Owen B. McManus, Jr.,* filed a brief for Petitioner, amicus curiae.

OPINION BY MR. JUSTICE CHIDSEY, April 22, 1953: This is an appeal by the Commonwealth from the order of the court below which discharged Everett Hatton on a writ of habeas corpus. The National Association for the Advancement of Colored People filed a brief amicus curiae.

On February 19, 1930 the relator, then seventeen years old, was convicted in Jones County, Mississippi, of assault with intent to rape and was sentenced to life imprisonment. On July 15, 1943, Hatton, a negro, escaped from the state penitentiary in Parchman, Mississippi, and eventually settled in Pittsburgh, Pennsylvania, where he married and became the father of two children. On May 15, 1952 he was arrested and charged by his wife with assault and battery. Subsequent to this arrest it was discovered that Hatton was a fugitive from justice from the State of Mississippi, and in due time a request for extradition was forwarded from the State of Mississippi to the Governor of Pennsylvania. On June 6, 1952 the Governor's warrant duly issued and was executed.

Thereafter relator filed a petition for a writ of habeas corpus in the Common Pleas Court of Allegheny County alleging that he was unlawfully restrained of his liberty in violation of his constitutional rights. He later filed a supplemental petition in which he admitted being the person demanded by the State of Mississippi but denied guilt of the charge for which he was there imprisoned. The supplemental petition also alleged that his trial was a mockery of justice; that he was not represented by counsel; that while he was in the state penitentiary in Mississippi he was the victim of cruel and inhuman treatment; and that if he were returned, his life would be in danger at the hands of his jailors.

At the hearing evidence of the circumstances of his conviction was introduced over the objection of the Commonwealth. Similarly, over objection appellee introduced evidence of physical punishment which he had received and which was a part of the penal system in Mississippi. Two employes of the institution where relator had been incarcerated in Mississippi testified at the hearing on the petition, and on the basis of all

of the testimony the trial judge found facts which supported the allegations in the petition, the prayer of which was granted and the relator ordered to be discharged.

The Commonwealth contends that the hearing judge exceeded the scope of permissible inquiry on a petition for a writ of habeas corpus in an extradition proceeding by considering the facts and circumstances surrounding relator's conviction and the prison treatment accorded him in the demanding state.

Relator concedes that he is the individual charged with the crime in Mississippi and does not contend that the extradition papers were not validly executed by the Governors of the respective states. However, relator's position is that the extradition requisition from the demanding state affirmatively shows a denial of due process in that it recited both a plea of guilty and a jury trial.

This Court and the Supreme Court of the United States have recently had occasion to review the scope of inquiry on a petition for a writ of habeas corpus to prevent extradition. In *Commonwealth ex rel. Henderson v. Baldi*, 372 Pa. 463, 93 A. 2d 458, this Court, speaking through Mr. Justice JONES, said (p. 466) : ". . . Under the Uniform Criminal Extradition Act of July 8, 1941, P. L. 288, 19 PS §191 et seq., the extent of the proof required to sustain a State's requisition of another State for the extradition therefrom of a fugitive from justice is that the subject of the extradition is charged with a crime in the demanding State, that he was present in the demanding State at the time of the commission of the crime charged, that he is a fugitive from the demanding State and that the requisition papers are in order: see Commonwealth ex rel. Katz v. Philadelphia Prison Superintendent, 162 Pa. Superior Ct. 459, 460, 58 A. 2d 366. . . .". In that opin-

ion the following was quoted from the recent decision of the Supreme Court of the United States in *Sweeney, Sheriff v. Woodall,* 344 U. S. 86 : "Considerations fundamental to our federal system require that the prisoner test the claimed unconstitutionality of his treatment by Alabama in the courts of that State. Respondent [prisoner] should be required to initiate his suit in the courts of Alabama, where all parties may be heard, where all pertinent testimony will be readily available and where suitable relief, if any is necessary, may be fashioned.". It should be noted that both of these opinions were filed subsequent to the hearing in the court below in the instant case so that the hearing judge did not have the advantage of reference to them.

Section 20 of the Uniform Criminal Extradition Act, supra, prohibits inquiry into the guilt or innocence of the accused. The purpose of this provision is to restrict such inquiry to the state which has jurisdiction of the crime charged. See *Commonwealth ex rel. Mills v. Baldi,* 166 Pa. Superior Ct. 321, 324.

The obvious intendment of the Uniform Criminal Extradition Act and the recent statements of this Court and the Supreme Court of the United States was to restrict the scope of a hearing on habeas corpus to the legality of the arrest of the fugitive in the asylum state and the propriety of the requisition procedure. If this Court were to consider the constitutional questions raised by relator's petition, it would be undertaking to review the proceedings of a trial court in the State of Mississippi. This is a function reserved to the appellate courts of that state. The constitution and statutes of Mississippi provide for appeal from a criminal conviction and from the refusal of a writ of habeas corpus; the writ of coram nobis is recognized and statutes regulate the administration of the penal system. If relator's rights under the United States Constitution have

been violated, he must exhaust his remedy in the state where the alleged violation has occurred, and in the event that he is there unsuccessful in obtaining redress, he may then bring his grievance before the Federal Courts. See *Brown v. Allen,* 344 U. S. 443.

The Supreme Court of the United States has many times stated that the scope of a hearing on a petition for habeas corpus in extradition cases is limited. In addition to *Sweeney v. Woodall,* supra, see: *Biddinger v. Commissioner of Police of the City of New York,* 245 U. S. 128; *The People of the State of Illinois ex rel. McNichols v. Pease,* 207 U. S. 100, 109; *Drew v. Thaw,* 235 U. S. 432, 439; and *Munsey v. Clough,* 196 U. S. 364, 373. Typical of the statements which appear in these cases is the following quotation from *Drew v. Thaw,* supra, at p. 439: ". . . In extradition proceedings, even when as here a humane opportunity is afforded to test them upon habeas corpus, the purpose of the writ is not to substitute the judgment of another tribunal upon the facts or the law of the matter to be tried. The Constitution says nothing about habeas corpus in this connection, but peremptorily requires that upon proper demand the person charged shall be delivered up to be removed to the State having jurisdiction of the crime. . . .".

The courts of this Commonwealth cannot consider the questions relator has raised concerning his trial and conviction and his treatment in the state penitentiary in Mississippi, nor can they consider the fact that the requisition papers from the demanding state recite both a plea of guilty and a jury trial. An indictment for a crime for which guilt has been ascertained, sentence thereon, commitment to the state penitentiary and an escape are shown. This is sufficient for the purpose of extradition. Since there is no question concerning the legality of relator's arrest in this state, his

identity, his presence in the demanding state at the time the crime was committed, or the proper execution of the extradition papers, this Court has no jurisdiction to inquire further into the matter, nor had the court below.

The order of the lower court is reversed and it is directed that the relator be delivered to the Mississippi authorities in accordance with the requisition for extradition.