Commonwealth ex rel. Dronsfield *v.* Hohn,
Appellant.

Argued October 1, 1957. Before JONES, C. J., BELL, CHIDSEY, ARNOLD, JONES and COHEN, JJ.

*B. Patrick Costello,* with him *L. Alexander Sculco,* District Attorney, *John K. Best,* Assistant District Attorney, and *Smith, Best and Horn,* for appellant.

*H. Reginald Belden,* with him *Paul K. McCormick,* for appellee.

OPINION BY MR. JUSTICE BELL, November 11, 1957:
The Commonwealth has appealed from an order which discharged the relator in a habeas corpus pro-

ceeding arising from the attempt of the State of Arizona to extradite him for the crime of forgery committed on June 2, 1951.

In May 1951, relator and his immediate superior, Fred Stein, were transferred by their employer, the Holland Furnace Company, from Jackson, Miss. to its Los Angeles office. On May 25, 1951, they arrived in Flagstaff, Arizona. Their cars were broken into on that night or the early morning of May 26th and an income tax refund check in the sum of $900 payable to F. G. Stein and I. Stein was stolen. They reported the theft to the Flagstaff police, and then proceeded to Los Angeles. Two or three days later they arrived in California, and on May 30, 1951, Dronsfield registered at the Surf Motel, Long Beach, California, where he remained overnight. On *June 2, 1951,* both Dronsfield and Stein reported for work at the Los Angeles office of Holland Furnace Company. On that day Dronsfield entered into a written salesman contract with the Company.

On *June 2, 1951,* a man went into the jewelry store of Ernest E. Starr in Winslow, Arizona, purchased a wedding ring for $600 and paid for it with the above mentioned income tax refund check, and received from Starr his check for the difference between the cost of the ring and the amount of the check. Eight months thereafter, Starr's bank advised him that the Stein check had been stolen and that he would have to make it good. Starr refused to reimburse the bank.

The United States Secret Service made a careful investigation of the facts. Starr described the man who cashed the check as being from 28 to 32 years of age, 6 feet tall, weighing 190 lbs. and having dark brown hair. The United States Agent found Dronsfield to be about 5 ft. 7 in. tall; weight approximately 165 lbs.; hair light brown. He also reported that there was no

similarity between Dronsfield's handwriting and the endorsement on the check. Moreover, on *December 13, 1952,* and again on *August 20, 1953,* Starr was shown by the United States Agent four pictures of Dronsfield, and on both occasions Starr said that Dronsfield was not the man who cashed the check. The United States Agent testified that as a result of his colleague's investigation the Government was satisfied that Dronsfield was not the man for whom Starr cashed the check on June 2, 1951.

On January 30, 1955, Starr's bank attached from Starr's account the amount of money represented by the above mentioned (Stein) income tax refund check. Thereafter, Starr made an information against Dronsfield, charging him with forgery, and on *June 3, 1955* identified the photograph of Dronsfield as the photograph of the man for whom he had cashed the check, although on prior occasions he had said that that was not the man. An extradition warrant was issued for Dronsfield's arrest and Dronsfield then presented the present petition for a writ of habeas corpus.

Under the Uniform Criminal Extradition Act of July 8, 1941, P. L. 288, the Courts of an asylum state cannot determine the guilt or innocence of the person sought to be extradited: *Commonwealth ex rel. Hatton v. Dye,* 373 Pa. 502, 96 A. 2d 127; *Commonwealth ex rel. Mills v. Baldi,* 166 Pa. Superior Ct. 321, 70 A. 2d 439. The requisition will be sustained and extradition ordered (1) if the subject of the extradition is charged with a crime in the demanding state, and (2) if he was present in the demanding state at the time of the commission of the crime charged, and (3) if he is a fugitive from the demanding state, and (4) if the requisition papers are in order: *Commonwealth ex rel. Henderson v. Baldi,* 372 Pa. 463, 93 A. 2d 458; *Commonwealth ex rel. Taylor v. Supt., Phila. County Prison,* 382 Pa. 181,

114 A. 2d 343; *Commonwealth ex rel. Hatton v. Dye,* 373 Pa., supra. The relator is entitled to be discharged by Courts of the asylum state if his identity is not established, because in such a case he would not be the person who was charged with the crime in the demanding state nor a fugitive from the demanding state: *Commonwealth ex rel. Hatton v. Dye,* 373 Pa., supra. Cf. also *Commonwealth ex rel. Thomas v. Supt., Phila. County Prison,* 372 Pa. 595, 94 A. 2d 732.

We agree with the Court below that "The evidence is overwhelmingly to the effect that the relator was not in Winslow, Arizona, or in any other part of Arizona on June 2, 1951, and that his identification as the man who cashed the check in Starr's jewelry store in Winslow, Arizona, was so weak as to be unworthy of belief by this court."

Order affirmed.