Commonwealth ex rel. Edgar, Appellant, *v.*
Davis.

Argued March 17, 1967.   Before BELL, C. J., MUS-
MANNO, JONES, COHEN, EAGEN, O'BRIEN and ROBERTS,
JJ.

*Herbert B. Lebovitz,* with him *Lebovitz & Lebovitz,*
for appellant.

*Edwin J. Martin* and *Charles B. Watkins,* Assistant
District Attorneys, and *Robert W. Duggan,* District
Attorney, for appellee.

Opinion by Mr. Chief Justice Bell, April 18, 1967:

Relator, Kenneth Edgar, filed a petition for a writ of habeas corpus in the Court of Common Pleas of Allegheny County pursuant to the provisions of §10 of the Uniform Criminal Extradition Act,* to test the legality of his arrest and extradition to the State of South Dakota.

On May 2, 1966, the Governor of South Dakota pursuant to the Uniform Criminal Extradition Act transmitted to the Governor of the Commonwealth of Pennsylvania a Requisition for Extradition of Kenneth Edgar to South Dakota authorities. The form of the Requisition for Extradition complied with all the requirements of §3 of the Extradition Act, 19 P.S. §191.3. The Governor of Pennsylvania thereupon issued his warrant for the arrest and extradition of (a person named) Kenneth Edgar and the relator, whose name is Kenneth Edgar, was arrested on April 15, 1966, in Allegheny County.

Relator was charged with the crime of obtaining property under false pretenses, which is a violation of §13.4202 of the South Dakota Code of 1939. The property which was ordered by telephone was loaded into a car by a person who called himself Kenneth Edgar and taken away and never paid for or returned.

On July 7, 1966, a hearing was held in the habeas corpus proceeding and after this hearing the Court below denied relator's petition. From the Order of the lower Court, Edgar took this appeal.

Relator contends that he cannot lawfully be detained or extradited because (1) he was not present in

---

* Act of July 8, 1941, P. L. 288, §10, 19 P.S. §191.10. This section provides that upon arrest for extradition the person arrested shall be informed by a Judge of a Court of record of the crime with which he is charged, and of his right to demand and procure legal counsel, and of his right to test the legality of his arrest by filing a writ of habeas corpus.

South Dakota at or during the time the alleged crime was committed; and (2) he was not identified at the habeas corpus hearing as the Kenneth Edgar named in the South Dakota Requisition for Extradition. Relator is entitled to raise the issue of whether he was in South Dakota at the time the alleged crime was committed. In *Commonwealth ex rel. Raucci v. Price*, 409 Pa. 90, 185 A. 2d 523, we said (page 95): "Our scope of review in extradition cases is restricted. By the terms of the Uniform Criminal Extradition Act of July 8, 1941, P. L. 288, §1 et seq., 19 P.S. §191.1 et seq., the courts of an asylum state may not determine the guilt or innocence of the party sought to be extradited. The courts of an asylum state will order extradition only if (1) the subject of the extradition is charged with a crime in the demanding state; (2) if the subject of extradition is a fugitive from the demanding state; (3) if the subject of the extradition was present in the demanding state at the time of the commission of the crime; and (4) if the requisition papers are in order. All of these elements must be present: Commonwealth ex rel. Pacewicz v. Turley, 399 Pa. 458, 160 A. 2d 685; Commonwealth ex rel. Dronsfield v. Hohn, 390 Pa. 434, 135 A. 2d 757; Commonwealth ex rel. Hatton v. Dye, 373 Pa. 502, 96 A. 2d 127; Commonwealth ex rel. Henderson v. Baldi, 372 Pa. 463, 93 A. 2d 458."

South Dakota's Requisition for Extradition, with its accompanying affidavit, clearly alleges all of the aforesaid requisites of the Extradition Act. The allegations of the requisition and the accompanying affidavit must be accepted as prima facie true. *Commonwealth ex rel. Raucci v. Price*, 409 Pa., supra; *Commonwealth ex rel. Taylor v. Superintendent, Philadelphia County Prison*, 382 Pa. 181, 114 A. 2d 343; *Commonwealth ex rel. Crist v. Price*, 405 Pa. 384, 175 A. 2d 852; *Commonwealth ex rel. v. Superintendent of Philadelphia County Prison*, 220 Pa. 401, 69 Atl. 916. No evidence was

introduced by the relator to contradict the statements contained in these papers. After the Commonwealth rested its case, relator's counsel refused to offer any evidence. It follows that there is no merit in relator's first contention.

However, one essential element is missing from the Commonwealth's case. In every extradition proceeding, the relator has an absolute right to require that his identity as the person named in the Extradition Requisition be established and proved by the weight of credible evidence. Section 20 of the Extradition Act provides: "The guilt or innocence of the accused as to the crime of which he is charged may not be inquired into . . . in any proceeding after the demand for extradition accompanied by a charge of crime in legal form . . . shall have been presented to the Governor, *except as it may be involved in identifying the person held as the person charged with the crime."* See also, *Commonwealth ex rel. Raucci v. Price,* 409 Pa., supra; *Commonwealth ex rel. Dronsfield v. Hohn,* 390 Pa. 434, 135 A. 2d 757. In the latter case, we said: "The relator is entitled to be discharged by Courts of the asylum state [Pennsylvania] if his identity is not established, because in such a case he would not be the person who was charged with the crime in the demanding state. Commonwealth ex rel. Hatton v. Dye, 373 Pa. [502, 96 A. 2d 127]." The issue of identification was raised in the relator's petition for a writ of habeas corpus in which he alleged, inter alia, that he was not the person charged with the crime in the Extradition Requisition. That was the crucial issue in this case and the relator was entitled to a writ of habeas corpus and to be discharged thereunder, after the Commonwealth failed to produce the requisite evidence of identity.

---

\* Italics, ours.

The case is remanded to the Court below, which shall issue the writ of habeas corpus and discharge the relator, without prejudice to the Commonwealth's right to initiate a new extradition proceeding.