## Ripepi Extradition Case.

508

Argued September 28, 1967.  Before BELL, C. J., MUSMANNO, JONES, COHEN, EAGEN, O'BRIEN and ROBERTS, JJ.

*James A. Ashton*, with him *Ashton, Stitt & Valaw*, for appellant.

*Charles B. Watkins*, Assistant District Attorney, with him *Edwin J. Martin*, Assistant District Attorney, and *Robert W. Duggan*, District Attorney, for Commonwealth, appellee.

OPINION BY MR. CHIEF JUSTICE BELL, November 14, 1967:

On December 20, 1966, the Governor of Maryland issued a warrant pursuant to the Uniform Criminal Extradition Act of July 8, 1941, P. L. 288, 19 P.S. §191.1 et seq., requesting the Governor of Pennsylvania to turn over Anthony Ripepi to the State of Maryland. Ripepi was indicted for assault with intent to murder and assault in violation of Article 27, §12, of the Annotated Code of Maryland. A copy of the indictment and an affidavit of Charles E. Moylan, the State of

Maryland's attorney for the City of Baltimore, was attached to the extradition warrant.

The Governor of Pennsylvania issued his warrant and Ripepi was arrested in Allegheny County. Ripepi refused to be extradited and a hearing was held February 3, 1967,* by the Court of Common Pleas of Allegheny County. The Commonwealth offered in evidence a copy of all the requisition papers, which are in order, and the Governor's warrant, and produced one witness, namely, James Tromberri. Tromberri testified that on the night of the alleged crime he was in a certain club in Baltimore, Maryland, and as he was leaving the club he was assaulted by a man whom he identified as Ripepi. The Commonwealth then rested its case.

Counsel for Anthony Ripepi then called Ripepi's son, Dr. Anthony Charles Ripepi, as a witness. Dr. Ripepi testified, over objection of the Commonwealth, that on the evening of the day the crime was allegedly committed, Anthony Ripepi, the accused, was in Pittsburgh, Pennsylvania, playing cards with the witness and two other individuals, from approximately 10:00 P.M. until 12:45 A.M. Ripepi then offered to call additional witnesses who would testify that Ripepi was not in Baltimore at the time of the commission of the crime but was in fact in Pittsburgh, Pennsylvania. The Commonwealth's objection to this testimony was sustained and at the conclusion of the hearing, Ripepi

---

* The proper procedure to be followed would be the application for a writ of habeas corpus. Section 10 of the Uniform Criminal Extradition Act, 19 P.S. §191.10, provides, ". . . if the prisoner or his counsel shall state that he or they desire to test the legality of his arrest, the Judge . . . shall fix a reasonable time to be allowed him within which to apply for a writ of habeas corpus. When such writ is applied for, notice thereof and of the time and place of hearing thereon shall be given to the prosecuting officer of the county in which the arrest is made and in which the accused is in custody and to the said agent of the demanding State."

was ordered extradited to Maryland. Ripepi filed exceptions and a petition for a rehearing. The exceptions were dismissed and the petition for a rehearing was denied. Ripepi thereafter appealed to this Court.

Ripepi contends that the lower Court erred in refusing to hear testimony which would establish that Ripepi was not in Maryland at the time the alleged crime was committed. This contention must be sustained. In *Commonwealth ex rel. Edgar v. Davis,* 425 Pa. 133, 228 A. 2d 742, the Court said (pages 134-135) : "Relator contends that he cannot lawfully be detained or extradited because (1) he was not present in South Dakota at or during the time the alleged crime was committed; . . . Relator is entitled to raise the issue of whether he was in South Dakota at the time the alleged crime was committed. In Commonwealth ex rel. Raucci v. Price, 409 Pa. 90, 185 A. 2d 523, we said (page 95) : 'Our scope of review in extradition cases is restricted. By the terms of the Uniform Criminal Extradition Act of July 8, 1941, . . . the courts of an asylum state may not determine the guilt or innocence of the party sought to be extradited. The courts of an asylum state will order extradition only [ (1) ] if . . . the subject of the extradition is charged with a crime in the demanding state; (2) if the subject of extradition is a fugitive from the demanding state; (3) if the subject of the extradition was present in the demanding state at the time of the commission of the crime; and (4) if the requisition papers are in order. All of these elements must be present: Commonwealth ex rel. Pacewicz v. Turley, 399 Pa. 458, 160 A. 2d 685; Commonwealth ex rel. Dronsfield v. Hohn, 390 Pa. 434, 135 A. 2d 757; Commonwealth ex rel. Hatton v. Dye, 373 Pa. 502, 96 A. 2d 127; Commonwealth ex rel. Henderson v. Baldi, 372 Pa. 463, 93 A. 2d 458.'

"South Dakota's Requisition for Extradition, with its accompanying affidavit, clearly alleges all of the

aforesaid requisites of the Extradition Act. The allegations of the requisition and the accompanying affidavit must be accepted as prima facie true. Commonwealth ex rel. Raucci v. Price, 409 Pa., supra; Commonwealth ex rel. Taylor v. Superintendent, Philadelphia County Prison, 382 Pa. 181, 114 A. 2d 343; Commonwealth ex rel. Crist v. Price, 405 Pa. 384, 175 A. 2d 852; Commonwealth ex rel. v. Superintendent of Philadelphia County Prison, 220 Pa. 401, 69 Atl. 916. *No evidence was introduced by the relator to contradict the statements contained in these papers. After the Commonwealth rested its case, relator's counsel refused to offer any evidence. It follows that there is no merit in relator's first contention.*"\*

However, in this case appellant introduced evidence to establish—not an alibi that he was present in another place in Maryland, but—that he was not in the demanding State at the time the alleged crime was committed. Moreover, he desired to introduce other evidence which would tend to establish this fact. For this reason the Order of the lower Court is vacated and the case is remanded for a rehearing.

Mr. Justice COHEN dissents.

---

\* Italics, ours.