Commonwealth ex rel. Walker, Appellant, *v.* Hendrick.

Argued January 21, 1969. Before Jones, Cohen, Eagen, O'Brien, Roberts and Pomeroy, JJ.

*Carolyn E. Temin,* Assistant Defender, with her *Melvin Dildine,* Assistant Defender, and *Herman I. Pollock,* Defender, for appellant.

*Samuel T. Swansen,* Assistant District Attorney, with him *James D. Crawford,* Assistant District Attorney, *Richard A. Sprague,* First Assistant District Attorney, and *Arlen Specter,* District Attorney, for Commonwealth, appellee.

OPINION BY MR. JUSTICE EAGEN, April 23, 1969:

On May 10, 1968, the appellant was arrested in Philadelphia on a fugitive warrant charging him with being one Frank Walker, a fugitive from the State of Alabama. He was taken before a magistrate and committed to a detention center to await the obtaining of an extradition warrant from the Governor of Pennsylvania on a requisition of the executive authority of the State of Alabama, pursuant to §15 of the Uniform Criminal Extradition Act of July 8, 1941, P. L. 288, 19 P.S. §191.15.

Between May 15 and July 15, 1968, several hearings were scheduled before the magistrate, but were continued because the necessary extradition warrant had not been obtained. On July 15, 1968, the hearing was held and the warrant was produced, but because no one was present who could identify the appellant as Frank Walker, the defendant named in the warrant, action was again deferred.

On August 6, 1968, the appellant instituted an action in habeas corpus attacking the validity of his detention. A hearing was scheduled in these proceedings for August 16, 1968, but was continued because the Commonwealth could not yet produce any testimony demonstrating that the appellant was the individual named in the extradition warrant. Finally, on August 30, 1968, the hearing was held; the court denied the appellant habeas corpus relief and ordered that he be detained to await extradition. This appeal followed. We reverse.

At the habeas corpus hearing, the Commonwealth of Pennsylvania introduced into evidence the extradition papers, the sufficiency of which is not here questioned. It then introduced the testimony of an officer of the Board of Corrections of the State of Alabama who produced an authenticated record purporting to

include a set of fingerprints of one Frank Walker; those fingerprints were on file with the department in Alabama. The witness also produced a document designated "prison record" which contained information relating to Walker, who was sentenced in Alabama on June 13, 1963, to a long term of imprisonment and who escaped from custody on January 1, 1964. This witness candidly stated that he did not know Walker personally and that he could not identify the appellant.

The Commonwealth then produced a set of fingerprints on file with the Police Department of Philadelphia and an expert witness who testified that these prints, and those previously identified as part of the records of the State of Alabama, were taken from the one and same individual. On cross-examination, this witness admitted that he could not say that the Philadelphia fingerprints were taken from or were those of the appellant.

It is readily clear that the evidence produced by the Commonwealth was insufficient to establish that the appellant is the individual named in the extradition warrant or is the Frank Walker who fled custody in Alabama in 1964. While our scope of review in extradition cases is restricted (*Commonwealth ex rel. Raucci v. Price*, 409 Pa. 90, 185 A. 2d 523 (1962)), it is equally clear that in a case where the person detained raises the issue of identification, we will examine the record to determine if the Commonwealth produced the requisite evidence of identity. See *Commonwealth ex rel. Edgar v. Davis*, 425 Pa. 133, 228 A. 2d 742 (1967). For in such a case, the person detained "has an absolute right to require that his identity as the person named in the Extradition Requisition be established and proved by the weight of the credible evidence." *Commonwealth ex rel. Edgar v. Davis*, supra at 136. See also §20 of the Act of 1941, supra. Moreover, be-

cause a court is powerless to authorize the extradition of an accused unless it finds that the accused is, in fact, a fugitive from justice, the question of identity may always be raised in habeas corpus proceedings initiated to prevent extradition under Art. IV, §2, of the United States Constitution. *Com. ex rel. v. Superintendent of Phila. County Prison*, 220 Pa. 401, 69 A. 916 (1908).

The record is, therefore, remanded to the court below with directions to issue the writ and discharge the appellant without prejudice to the Commonwealth's right to initiate a new extradition proceeding.

Mr. Chief Justice BELL took no part in the consideration or decision of this case.