Commonwealth ex rel. Kelly, Appellant, *v.* Santo.

Argued May 2, 1969. Before BELL, C. J., JONES, COHEN, EAGEN, O'BRIEN, ROBERTS and POMEROY, JJ.

*F. Emmett Fitzpatrick, Jr.,* with him *James J. Wilson,* for appellants.

*Paul R. Michel,* Assistant District Attorney, with him *Harold K. Don, Jr.* and *James D. Crawford,* Assistant District Attorneys, *Richard A. Sprague,* First Assistant District Attorney, and *Arlen Specter,* District Attorney, for appellee.

OPINION BY MR. JUSTICE EAGEN, November 28, 1969:

Harold Gelvan, Richard Berman, Major Coxson and Count Kelly were indicted in the State of New York for grand larceny and conspiracy to commit grand larceny. Subsequently, Kelly and Coxson were taken into custody in the City of Philadelphia, Pennsylvania, and confined while awaiting extradition. Habeas corpus proceedings were instituted contesting the legality of their arrests and proposed extraditions, pursuant to Section 10 of the Uniform Criminal Extradition Act, Act of July 8, 1941, P. L. 288, §10, 19 P.S. §191.10. These appeals are from the lower court's order denying the writs.[1] We affirm.

The scope of review over extradition procedures by the courts of an asylum state is legally limited. *Commonwealth ex rel. Walker v. Hendrick,* 434 Pa. 175, 253 A. 2d 95 (1969), and *Commonwealth ex rel. Edgar v. Davis,* 425 Pa. 133, 228 A. 2d 742 (1967). Such courts may not inquire into or determine the guilt or innocence of the party sought to be extradited. *Commonwealth ex rel. Edgar v. Davis,* supra. However, it is the obligation of the courts of the asylum state to make certain that the requirements of the Uniform Criminal Extradition Act, supra, have been satisfied before the accused is surrendered to the demanding state. *Commonwealth ex rel. Aronson v. Price,* 412 Pa. 493, 194 A. 2d 881 (1963).

Before extradition is ordered it should be determined, inter alia, that the person whose extradition is sought is charged with a crime in the demanding state, and that the requisition papers are in order. See *Commonwealth ex rel. Edgar v. Davis,* supra.

Our study of the record is persuasive that the Governor's warrant recites in detail sufficient facts to es-

---

[1] The two proceedings were consolidated for hearing and adjudicated in one order.

tablish that Coxson and Kelly committed a crime under the laws of the State of New York and that the extradition papers are otherwise in proper order.

It is also generally required before extradition is ordered that it be established (if proof is demanded) that the subject of the extradition was present in the demanding state at the time when the alleged crime was committed. Although stated in another context, it is the appellants' prime contention that since the evidence at the habeas corpus hearing in the court below failed to disclose their presence in the State of New York when the conspiracy was formed or during the continuation thereof, extradition should not be ordered. However, this position overlooks an exception to the general rule requiring presence in the demanding state at the time the crime was committed which is provided for in Section 6 of the Uniform Criminal Extradition Act, supra:

"The Governor of this State may also surrender on demand of the executive authority of any other state any person in this State charged in such other state in the manner provided in section 3 with committing an act in this State . . . intentionally resulting in a crime in the state whose executive authority is making the demand and the provisions of this act not otherwise inconsistent shall apply to such cases even though the accused was not in that state at the time of the commission of the crime and has not fled therefrom."

At the hearing in the court below, the evidence established that a conspiracy was hatched by Berman and Gelvan in New York State to issue a series of checks on a New York bank to be forwarded to and cashed in Pennsylvania with the intent to defraud. While neither Coxson nor Kelly helped formulate the plan and were not in New York at any time while it was carried out, evidence established that both aided

in the cashing of the checks in Pennsylvania and shared in the illegal gain derived therefrom. Hence, the record is sufficient to connect them prima facie with furtherance of the conspiracy and since an overt act of the crime was committed in New York, all engaged in the conspiracy may be tried in that jurisdiction, even though some of the participants never have set foot therein. *Commonwealth v. Thomas*, 410 Pa. 160, 189 A. 2d 255 (1963); *Commonwealth v. Gillespie*, 7 S. & R. 469 (1822); and, *Commonwealth v. Prep*, 186 Pa. Superior Ct. 442, 142 A. 2d 460 (1958). Moreover, under the circumstances and under Section 6 of the Uniform Criminal Extradition Act, supra, Coxson and Kelly, as participants in the conspiracy, may be ordered extradited to New York even though they were not in that jurisdiction at any time.

Order affirmed.

---

DISSENTING OPINION BY MR. CHIEF JUSTICE BELL:

I dissent, and would grant the writs of habeas corpus.

The requirements essential in extradition cases are set forth clearly and succinctly in *Commonwealth ex rel. Edgar v. Davis*, 425 Pa. 133, 228 A. 2d 742. The Court, in a unanimous Opinion, said (page 135): "In Commonwealth ex rel. Raucci v. Price, 409 Pa. 90, 185 A. 2d 523, we said (page 95): 'Our scope of review in extradition cases is restricted. By the terms of the Uniform Criminal Extradition Act of July 8, 1941, P. L. 288, §1 et seq. 19 P.S. §191.1 et seq., the courts of an asylum state may not determine the guilt or innocence of the party sought to be extradited. The courts of an asylum state will order extradition only if (1) the subject of the extradition is charged with a crime in the demanding state; (2) if the subject of extradition is a fugitive from the demanding state; (3) if the subject of the extradition was present in the

demanding state at the time of the commission of the crime; and (4) if the requisition papers are in order. All of these elements must be present: Commonwealth ex rel. Pacewicz v. Turley, 399 Pa. 458, 160 A. 2d 685; Commonwealth ex rel. Dronsfield v. Hohn, 390 Pa. 434, 135 A. 2d 757; Commonwealth ex rel. Hatton v. Dye, 373 Pa. 502, 96 A. 2d 127; Commonwealth ex rel. Henderson v. Baldi, 372 Pa. 463, 93 A. 2d 458.' "

These requirements are impliedly approved in the majority Opinion. However, the majority rely upon the exception to the general rule, which is set forth in *Section 6* of the Uniform Criminal Extradition Act of July 8, 1941, P. L. 288, 19 P.S. §191.6. That section provides: "The Governor of this State may also surrender on demand of the executive authority of any other state any person in this State charged in such other state in the manner provided in section 3 with committing an act in this State or in a third state intentionally resulting in a crime in the state whose executive authority is making the demand, and the provisions of this act not otherwise inconsistent shall apply to such cases even though the accused was not in that state at the time of the commission of the crime and has not fled therefrom." I believe this section is unconstitutional for the reasons set forth in my dissenting Opinion in *Cooper v. McDermott,* 399 Pa. 160, 159 A. 2d 486, and, more importantly, under the decisions of the Supreme Court of the United States and other authorities cited therein. See particularly, *Strassheim v. Daily,* 221 U.S. 280, 281, 283; *Hyatt v. Corkran,* 188 U.S. 691, 712; *Roberts v. Reilly,* 116 U.S. 80; and additional Federal cases and State Supreme Court cases cited therein.

In *Hyatt v. Corkran,* 188 U.S., supra, the defendant had not been actually present in Tennessee at the time of the crime, but was constructively present by virtue of his participation in the scheme or conspiracy to ob-

tain money under false pretenses. At the request of the Governor of Tennessee, the Governor of New York issued a warrant for his arrest. The New York Court of Appeals ordered the defendant dismissed from custody, reasoning that as the United States Constitution, Article IV, Section 2, 2, and the then applicable Federal statute on extradition applied only to persons who had been present in the demanding state, while the alleged crime or some act furthering its commission was taking place, the State of New York was thus without authority to hold Corkran. The United States Supreme Court affirmed both the reasoning and the result.

The United States Supreme Court has never expressly overruled *Hyatt v. Corkran*, 188 U.S., supra. It was approved in *Strassheim v. Daily*, 221 U.S., supra, at pages 281, 283, 284-285, and in *South Carolina v. Bailey*, 289 U.S. 412. Neither the Constitution nor the Federal statute has been significantly altered since *Hyatt*, and it is my opinion that, under the authority of those cases, Section 6 of the Uniform Criminal Extradition Act is unconstitutional.*

---

* I am familiar with the fact that some jurisdictions have held otherwise. See, *Cassis v. Fair*, 126 W. Va. 557, 29 S.E. 2d 245; *ex parte Morgan*, 86 Cal. App. 2d 217, 194 P. 2d 800, cert. denied, 338 U.S. 827; *Ennist v. Baden*, 158 Fla. 141, 28 So. 2d 160; *Culbertson v. Sweeney*, 70 Ohio App. 344, 44 N.E. 2d 807, appeal dismissed, 140 Ohio St. 426, 45 N.E. 2d 118; see, also, *ex parte Peairs*, 162 Tex. Crim. App. 243, 283 S.W. 2d 755, appeal dismissed, 350 U.S. 858.