524 A.2d 906

**COMMONWEALTH of Pennsylvania ex rel. James HARMON**

**v.**

**Thomas FRANE—Warden of the Chester County Prison.**

**Appeal of James HARMON.**

Superior Court of Pennsylvania.

Submitted Jan. 15, 1987.

Filed March 17, 1987.

Reargument Denied April 24, 1987.

338

James J. DeMarco, Philadelphia, for appellant.

Janice V. Quimby, Philadelphia, for appellee.

Before CIRILLO, President Judge, and ROWLEY and HOFFMAN, JJ.

CIRILLO, President Judge:

This is an appeal from a denial by the Court of Common Pleas of Chester County of a Writ of Habeas Corpus. We affirm.

Appellant, James Harmon, is challenging a warrant issued by the Governor of Pennsylvania on June 16, 1986 which was served on Harmon on July 3, 1986. The warrant was issued at the request of the Governor of New York under authority of the Pennsylvania Uniform Extradition Act. *See* 42 Pa.C.S.A. § 9101 et seq. In New York, Harmon has been charged with grand larceny and delivering

regulated waste in violation of a permit. The charges arose from a contractual agreement between Harmon and Montifiore Hospital of New York whereby Harmon agreed to incinerate the hospital's waste within New York State. Between October 24, 1983 and September 1, 1985, the waste was allegedly dumped illegally in Pennsylvania. On March 12, 1986, Harmon was arrested in Pennsylvania pursuant to a fugitive warrant issued by New York authorities. On June 30, 1986, the Court of Common Pleas of Bucks County dismissed a fugitive warrant on the same charges because the Commonwealth failed to produce a governor's warrant within the 90 day period required by the Act. *See* 42 Pa.C.S.A. §§ 9136, 9138. On July 3, 1986, Harmon was arrested pursuant to a Governor's Warrant dated June 16, 1986. That same day he filed a Writ of Habeas Corpus challenging his extradition. The hearing court dismissed the writ and Harmon appealed.

Appellant presents two issues for our review: (1) whether his rearrest was invalid because the governor's warrant was signed on June 16, 1986, prior to his discharge on June 30; and (2) whether the governor's warrant failed to comply with the Extradition Act by failing to specify that appellant was present in New York State when the crimes in question were committed.

As this court stated in *Commonwealth ex rel. Holcombe v. Strode*, 266 Pa.Super. 39, 402 A.2d 1067 (1979), "it is well-settled that where a defendant has been held on detainers or warrant and is discharged, there is no prohibition against rearrest on a new warrant." *Id.*, 266 Pa.Superior Ct. at 43, 402 A.2d at 1068. "[O]nce the relator has been arrested under the authority of a valid governor's warrant, the legality or illegality of the prior extradition proceedings becomes moot." *Id.*, 266 Pa.Superior Ct. at 45, 402 A.2d at 1069. Harmon was rearrested on July 3, 1986. The legality of that arrest hinges solely on the validity of the warrant pursuant to which he was arrested at that time. His complaint that this warrant should have been served

prior to June 30, 1986 is an impermissible attempt to challenge the prior proceedings.

■ Appellant argues that his situation is controlled by *Commonwealth ex rel. Coffman v. Aytch,* 238 Pa.Super. 584, 361 A.2d 652 (1976). We disagree. In *Coffman,* a petitioner was held for ten months before the Commonwealth produced a governor's warrant. This court ruled that the detention was illegal and production of the warrant did not constitute a "rearrest" because the petitioner had been continuously in custody without ever being discharged. *Id.,* 238 Pa.Superior Ct. at 587, 361 A.2d at 654. However, as long as a fugitive has first been discharged, he may be rearrested pursuant to a valid warrant. *Id.* Harmon was discharged and rearrested and therefore, *Coffman* is inapplicable to his case.

■ Harmon's contention that the warrant is invalid is likewise without merit. The warrant specifies that the crimes in question were committed on a continuous basis from October 24, 1983 to September 1, 1985. The warrant also states that Harmon was present in New York State during this time period.

■ A requisition for extradition is entitled to prima facie validity if it alleges that the subject was present in the demanding state at the time of the alleged commission of the crime. *Commonwealth ex rel. Edgar v. Davis,* 425 Pa. 133, 228 A.2d 742 (1967). It is the duty of the petitioner to contradict this presumption. If he offers no evidence to rebut the allegation, he is not entitled to habeas corpus. *Id.,* 425 Pa. at 135–36, 228 A.2d at 744.

As the hearing court stated: "He [Harmon] remained tacit on the question of whether he was in New York at the time the crime occurred." Because Harmon has offered no evidence to contradict its allegations, we must uphold the validity of the governor's warrant.

Accordingly, the order of the Court of Common Pleas of Chester County is affirmed.