## Commonwealth v. Valentin

432

C.P. of Chester County, no. 1049 M 94.

*Stuart Suss, deputy district attorney,* for plaintiff.
*S. Lee Russlander II,* for defendant.

SHENKIN, *J.,* April 4, 1995—The Commonwealth has filed an appeal from our order of March 16, 1995, in which we granted defendant's petition for issuance of a writ of habeas corpus and denied the request of the State of Delaware that the defendant be extradited. Pursuant to Pa.R.C.P. 1925(a), we herewith file of record this brief statement in the form of an opinion of the reasons for our order.

This case raises the interesting issue of whether, in an extradition proceeding, the trial judge may weigh the evidence presented by both the Commonwealth and the defendant, assess the credibility of the witnesses, and then make a determination as to whether or not the Commonwealth has proved the facts necessary to support the extradition or whether the Commonwealth need only present sufficient evidence which, *if believed,* would support a finding of the necessary facts.

The Commonwealth contends that the standard to be applied by the trial court is similar to a preliminary hearing so that "the accused should be remanded to the custody of the demanding state so long as there is some evidence tending to establish his presence in the demanding state or so long as there is some evidence pro and con on the question." Commonwealth's statement of matters complained of on appeal at page 1.

We believe, however, that the law of Pennsylvania is otherwise.

This case involves a request to extradite the defendant from the Commonwealth of Pennsylvania to the State of Delaware. Defendant sought issuance of a writ of habeas corpus and a hearing was held thereon. At the hearing, the sole substantial issue was whether or not defendant was present in the State of Delaware at the time the crime was committed.

Evidence was presented by the Commonwealth which, if believed, would indeed prove that the defendant was present in the State of Delaware at the time the crime was committed. Evidence was presented by the defendant which, if believed, would prove that the defendant could not have been and, therefore, was not in the State of Delaware at the time the crime was committed.

"Under the Uniform Act extradition will be ordered upon proof of four facts: (1) that the subject of the extradition is a person charged with a crime in the demanding state; (2) *that the subject of the extradition was in the demanding state at the time of the crime;* (3) that the subject is a fugitive from the demanding state; and (4) that the requisition papers are in good order." *Commonwealth ex rel. Smalley v. Aytch,* 247 Pa. Super. 23, 26, 371 A.2d 1018, 1020 (1977) (emphasis added) citing *Commonwealth v. Murphy,* 236 Pa. Super. 37, 40, 344 A.2d 662, 663 (1975). See also, *Commonwealth v. Rowe,* 264 Pa. Super. 67, 398 A.2d 1060 (1979); *Commonwealth ex rel. Coades v. Gable,* 437 Pa. 553, 264 A.2d 716 (1970); *Commonwealth ex rel. Kelly v. Aytch,* 254 Pa. Super. 28, 385 A.2d 508 (1978); *Commonwealth ex rel. Colcough v. Aytch,* 227 Pa. Super. 527, 323 A.2d 359 (1974).

The Commonwealth proved that the extradition papers were in order and, therefore, carried its burden of making a prima facie showing of all of the elements necessary to order the extradition of defendant. Following the hearing, I weighed all of the evidence presented and concluded that, on balance, the defendant had successfully rebutted the Commonwealth's evidence and had carried his burden of proving by a fair preponderance of the credible evidence that he was not in the State of Delaware at the time the crime in question was committed.

The Commonwealth contends that I erred in weighing the evidence and that once they presented evidence sufficient to make out a prima facie showing of the defendant's presence in the demanding state at the time the crime was committed, I was bound to accept that evidence as true and order the defendant's extradition. In other words, the Commonwealth contends, the defendant has the right to put the Commonwealth to its proof but not to submit evidence on his own behalf. But that contention flies in the face of numerous cases in which it is stated that the defendant has the right to prove his non-presence in the demanding state.

The Commonwealth has the initial burden of producing evidence to prove the four acts set forth above. The Commonwealth carries this burden by the introduction of the extradition papers in proper form. *Commonwealth ex rel. Harmon v. Frane,* 362 Pa. Super. 337, 524 A.2d 906 (1987). But the cases also state that once the Commonwealth has introduced the extradition papers, "it is incumbent upon the accused to show non-presence in [a] demanding state at the time of the crime." *Commonwealth v. Murphy, supra* at 40, 344 A.2d at 664, citing *Commonwealth ex rel. Edgar v. Davis,* 425 Pa. 133, 136, 228 A.2d 742, 744

(1967) and that if a defendant offers no evidence to rebut the allegation of presence in the demanding state, the defendant would not be entitled to habeas corpus. *Commonwealth ex rel. Harmon v. Frane, supra.* These statements make no sense if the presentation of evidence by the defendant could not be credited and we were bound to accept the Commonwealth's evidence as true. For example, if the evidence shows that the defendant was incarcerated at the time the crime was committed, we believe that the Commonwealth would concede that extradition would not be proper. The difference between that case and this one is only a matter of the degree of proof. In the former case the non-presence of the defendant in the demanding state is clear; in this case, much less so. Nevertheless, the principle remains the same. We consider the evidence and determine the facts. We are not bound to rule based upon a *presumption* that the Commonwealth's evidence is true. On the contrary, from the fact that the cases refer to the defendant's obligation to establish his non-presence in the demanding state, we infer that the defendant has the right to attempt to do so and that if, as here, the defendant does so successfully, then the extradition is not to be permitted and the writ of habeas corpus will issue.

As I noted in the footnote to the order from which the Commonwealth appeals, the defendant in this case did offer substantial evidence to prove that he could not have been present in Delaware at or about the time the crime was committed. I am certainly aware that a witness presented by the Commonwealth was positive in his identification of the defendant as having been at the scene of the crime at the time the crime was committed but the testimony of that witness also demonstrated that his opportunity to have made the observations of which he testified was very limited. Although the witnesses presented by the defendant all

had a friendly relationship in one way or another with the defendant, nevertheless, we concluded that their testimony was not to be totally disregarded merely for that reason. We have no doubt but that the witness for the Commonwealth testified honestly to the best of his ability. Nevertheless, when we weighed the possibility of mistake on his part against the possibility of falsified testimony on the part of all of the witnesses presented on behalf of defendant based upon their friendly relationship with the defendant, we concluded that, on balance, the testimony of the witnesses presented by the defendant was sufficient to overcome the presumption in favor of the Commonwealth. We were satisfied that the defendant proved by a fair preponderance of the credible evidence his non-presence in the State of Delaware at the time the crime was committed and we believe that we had the right to make that determination.

For these reasons, we denied the request to extradite this defendant and granted his petition for a writ of habeas corpus and we issued the order from which the Commonwealth has appealed.