672 A.2d 338

**COMMONWEALTH of Pennsylvania, Appellant**

**v.**

**Neftali VALENTIN, Appellee.**

Superior Court of Pennsylvania.

Argued Oct. 10, 1995.

Filed March 1, 1996.

520

Stuart B. Suss, Assistant District Attorney, West Chester, for the Commonwealth, appellant.

Peter E. Kratsa, Assistant Public Defender, West Chester, for appellee.

Before DEL SOLE, BECK and HUDOCK, JJ.

DEL SOLE, Judge:

The Commonwealth appeals a trial court order granting a Writ of *Habeas Corpus* and quashing a Governor's warrant of arrest. The State of Delaware, by its Governor, requested extradition of the defendant whom it had charged with a felony. Following receipt of this request, the Governor of Pennsylvania issued a warrant of arrest in compliance with 42 Pa.C.S.A. § 9128. The defendant was arrested and brought before the trial court where, after being advised of his rights, he applied for a Writ of *Habeas Corpus* as authorized by 42 Pa.C.S.A. § 9131.

While the Petition for the Writ of *Habeas. Corpus* raised several issues, only two concern us on appeal. They are:

(1) Is this defendant the person referred to in the request for extradition?

(2) Was the defendant in the demanding state at the time the crime was committed?

At the hearing, the Governor's warrant with the request for extradition was presented. The Delaware request named the fugitive as Peter Valentin, not Neftali Valentin. Also, the defendant introduced evidence that he was in Pennsylvania, not Delaware at the time the crime was committed. The trial court concluded that the person named in the warrant was the defendant, but that a preponderance of the evidence established that the defendant was not in the demanding state at the time the crime was committed. The question presented to this court is what is the burden of proof necessary to satisfy each of the questions presented.

 We begin by observing that the extradition of fugitives from state to state is mandated by the Constitution of the United States. Article IV, Section 2 provides:

A person charged in any State with Treason, Felony, or other Crime, who shall flee from Justice, and be found in another State, shall on Demand of the executive Authority of the State from which he fled, be delivered up, to be removed to the State having Jurisdiction of the Crime.

To implement this requirement, Pennsylvania has adopted the "Uniform Criminal Extradition Act." 42 Pa.C.S.A. § 9121 et seq. Section 9124 details the form a demand for extradition must take to be recognized by the asylum state. The request must contain a claim "that the accused was present in the demanding state at the time of the commission of the alleged crime." In addition, it must be established that the person arrested is the person demanded. See *Commonwealth ex rel. Edgar v. Davis*, 425 Pa. 133, 228 A.2d 742 (1967); *Commonwealth ex rel. Smalley v. Aytch*, 247 Pa.Super. 23, 371 A.2d 1018 (1977). Coupled with these requirements is the prohibi-

tion of inquiring into the guilt or innocence of the accused set forth in § 9141 which provides:

> The guilt or innocence of the accused as to the crime of which he is charged may not be inquired into by the Governor, or in any proceeding after the demand for extradition accompanied by a charge of crime in legal form as provided in this subchapter shall have been presented to the Governor, except as it may be involved in identifying the person held as the person charged with the crime.

With this background, we analyze the issues presented. The accused first challenged his arrest claiming he was not the person named in the request for extradition. When this challenge is made, the Commonwealth must establish by the weight of the credible evidence, that the correct person has been arrested. Our Supreme Court stated in *Edgar, supra:*

> In every extradition proceeding, the relator has an absolute right to require that his identity as the person named in the Extradition Requisition be established and proved by the weight of the credible evidence.

425 Pa. at 136, 228 A.2d at 744.

The evidence presented included the identification of the Appellee as the perpetrator by the victim of the crime, and additional evidence that the defendant is known as "Peter" although his name is Neftali. Therefore the Commonwealth met its burden of proof that the person arrested was the person sought.

A more complex problem is presented where the defendant claims that he was not present in the demanding state at the time the crime was committed. Section 9124 of the Uniform Act requires the demanding state allege the defendant was present within that state at the time of the crime. Our courts have interpreted this to require the Commonwealth present some evidence of defendant's presence in the demanding state when the defendant denies being there at the time the crime was committed.

The burden of proof is a minimal one, since the asylum forum is not permitted to inquire into the guilt of the defen-

dant, and alibi is such a determination. Therefore, where there is evidence presented that defendant was present in the demanding state, which evidence may be believed by the ultimate factfinder, the asylum state must extradite.

■ However, a Relator is not without recourse. Where the defendant can establish beyond a reasonable doubt that he was not present in the demanding state at the time the crime was committed, he is entitled to discharge. This principle was announced by the United States Supreme Court in *South Carolina v. Bailey,* 289 U.S. 412, 53 S.Ct. 667, 77 L.Ed. 1292 (1933). Our Supreme Court's decision in *Ripepi Extradition Case,* 427 Pa. 507, 235 A.2d 141 (1967) does not, as suggested by the parties, dictate a different standard for Pennsylvania. There the question before the Court was whether the trial court erred in refusing to allow the presentation of additional testimony regarding the defendant's presence in the asylum state at the time of the crime. The Court concluded that the trial court erred in not admitting the evidence. This is not a ruling on the burden of proof necessary to avoid extradition, but rather a ruling which allows the introduction of evidence which later must be weighed by the fact finder.

In the case before us the trial court, in using a preponderance of the evidence standard, weighed the evidence on the wrong scale. Therefore, we vacate the court's order and remand for a new determination. If the trial court concludes that the defendant has set forth evidence which establishes beyond a reasonable doubt that he was not present in Delaware when the crime was committed, then it should grant the writ and quash the warrant. If the court concludes that a question exists on this point, extradition should be granted.

Order vacated, case remanded for proceeding consistent with this opinion.