## Commonwealth ex rel. Ebbole, Appellant, *v.* Robinson.

Argued November 14, 1972. Before Wright, P. J., Watkins, Jacobs, Hoffman, and Packel, JJ. (Spaulding and Cercone, JJ., absent).

*John J. Petrush,* for appellant.

*Robert L. Eberhardt,* Assistant District Attorney, with him *Carol Mary Los,* Assistant District Attorney, and *Robert W. Duggan,* District Attorney, for Commonwealth, appellee.

Opinion by Packel, J., December 11, 1972:

An extradition demand by the Governor of California was recognized by the Governor of this Commonwealth, and thereafter the court below ordered the extradition. The appellant contends that the California demand was violative of the Uniform Criminal Extradition Act[1] because the California affidavit of arrest did not demonstrate probable cause. The affidavit specifically set forth that the appellant committed rape and perversion upon a named victim on a specified date.

Section 3 of the Uniform Criminal Extradition Act provides that the demand for extradition, when based on a warrant for arrest, be accompanied by "a copy of an affidavit made before a magistrate there, together

---

[1] Act of July 8, 1941, P. L. 288, §1 *et seq.,* 19 P.S. §191.1.

with a copy of any warrant which was issued thereup-
on . . ." and that the "affidavit made before the magis-
trate must substantially charge the person demanded
with having committed a crime under the law of that
state . . ." Thus, there is no express statutory require-
ment for the affidavit to state the source or the grounds
for the belief that the crime was committed. Even if
we were to imply such a provision, the court below was
clearly warranted in ordering the extradition because
there was present in the court not only the affiant, an
assistant district attorney, but also the victim herself
who identified the appellant.

Order affirmed.