Commonwealth *v.* Kulp, Appellant.

Submitted June 15, 1973. Before WRIGHT, P. J., WATKINS, JACOBS, HOFFMAN, SPAULDING, CERCONE and SPAETH, JJ.

*Louis M. Natali, Jr.* and *Segal, Appel & Natali,* for appellant.

*William P. Boland, James T. Ranney* and *Milton M. Stein,* Assistant District Attorneys, *Richard A. Sprague,* First Assistant District Attorney, and *Arlen Specter,* District Attorney, for Commonwealth, appellee.

OPINION BY HOFFMAN, J., September 19, 1973:

Appellant contends that the court below erred in refusing to issue a writ of habeas corpus and ordering his extradition to Texas.

Pennsylvania courts will only order an extradition if: (1) "the subject of the extradition is charged with

a crime in the demanding state"; (2) the subject "was present in the demanding state at the time" the crime charged was committed; (3) the subject is a fugitive from the demanding state; and, (4) "the requisition papers are in order." *Commonwealth ex rel. Dronsfield v. Hohn*, 390 Pa. 434, 436, 135 A. 2d 757 (1957).

Appellant argues that the Commonwealth failed to produce sufficient evidence to establish his presence in Texas at the time the alleged crime was committed. Miss Donna Kay, an American Airlines stewardess, testified that her employer informed her that she worked the first class compartment on Flight 442 leaving Dallas and arriving in Philadelphia on March 19, 1972. Appellant objects to the introduction of this evidence as being inadmissible hearsay.

Miss Kay also testified that she first identified the appellant, Gene Tunney Kulp, as being on the plane at a photographic identification conducted by an F.B.I. agent in San Francisco. During the habeas corpus proceeding, Miss Kay again identified Kulp as being a passenger on the March 19, 1972, flight from Dallas to Philadelphia. She recounted specific incidents occurring on that flight which enabled her to recall and identify Kulp. Appellant contends that the in-court identification should not have been permitted because it was tainted by an impermissibly suggestive out of court identification conducted in violation of *Commonwealth v. Whiting*, 439 Pa. 205, 266 A. 2d 738 (1970).[1] Thus, appellant argues that the request for extradition should be denied because his presence in the demanding

---

[1] During appellant's trial on Federal charges in the Eastern District of Pennsylvania before the Honorable Edward R. BECKER, Miss Kay also testified. Judge BECKER suppressed evidence of the pre-trial photographic identification, but permitted Miss Kay to identify the appellant in court finding an independent basis for such an identification.

state at the time that the crime was committed was not proven.

Given the summary nature of interstate rendition proceedings, an accused is not entitled to receive the full panoply of procedural protections normally accorded to a defendant in a criminal trial. *United States ex rel. Vitiello v. Flood,* 374 F. 2d 554, 557 (2d Cir. 1967); *Luker v. Koch,* 489 P. 2d 191 (Colo. Sup. Ct., 1971); *Commonwealth v. Glavin,* 235 N.E. 2d 547 (Mass. Sup. Ct., 1968). Thus, statements allegedly given by the subject of an extradition proceeding in violation of his constitutional rights, *U. S. v. Flood,* supra, and evidence which has allegedly been illegally seized, *Martin v. Maryland,* 287 A. 2d 823, 838 (D.C. Ct. Apps., 1972), may be introduced at an extradition hearing. Courts in asylum states will not consider issues which are best raised at trial. *Martin v. Maryland,* supra. This does not mean that constitutional violations are to be ignored at an extradition proceeding. The manner in which evidence has been obtained will have a bearing on the weight which the court accords to it in an extradition proceeding. See *U. S. v. Flood,* supra, 374 F. 2d at 558.

In the instant matter, Miss Donna Kay, whose testimony established appellant's presence in Texas at the time that the crime was committed, related in minute detail the circumstances surrounding her contact with appellant. Assuming that her photographic identification of Kulp was impermissibly suggestive, Miss Kay's testimony indicates a sharp memory and was sufficient credible evidence for the court below to have found that Appellant was in Texas at the time of the crime.[2] If appellant wishes to challenge the constitutionality of

---

[2] " 'Competent evidence to establish reasonable ground is not necessarily evidence sufficient to convict, nor only such as can pass technical rules governing the admissibility of evidence in criminal trials.' " *U. S. v. Flood,* supra, 374 F. 2d at 557.

Miss Kay's identification, he must do so prior to his trial in Texas.

Appellant's second contention that inadmissible hearsay was introduced into evidence against him must also fail because hearsay is admissible in interstate rendition proceedings. *U. S. v. Flood,* supra, 374 F. 2d at 557.

Accordingly, the order of the lower court is affirmed.