Commonwealth ex rel. McGowan, Appellant, *v.*
Aytch, Appellant.

Submitted December 6, 1974. Before WATKINS, P. J., JACOBS, HOFFMAN, CERCONE, PRICE, VAN DER VOORT, and SPAETH, JJ.

*Robert F. Simone* and *James T. Vernile,* for appellant, at No. 1120.

*Karl K. Lunkenheimer, Suzanne Balen Ercole,* and *Steven H. Goldblatt,* Assistant District Attorneys, *Abraham J. Gafni,* Deputy District Attorney, *Richard A. Sprague,* First Assistant District Attorney, and *F. Emmett Fitzpatrick,* District Attorney, for appellant, at No. 820.

*Robert F. Simone* and *James T. Vernile,* for appellee, at No. 820.

*Karl K. Lunkenheimer, Suzanne Balen Ercole,* and *Steven H. Goldblatt,* Assistant District Attorneys, *Abraham J. Gafni,* Deputy District Attorney, *Richard A. Sprague,* First Assistant District Attorney, and *F. Emmett Fitzpatrick,* District Attorney, for appellee, at No. 1120.

OPINION BY JACOBS, J., March 31, 1975:

Robert McGowan [hereinafter Appellant] was arrested in Philadelphia as a fugitive from the State of New Jersey. A Governor's warrant subsequently was lodged pursuant to the Uniform Criminal Extradition Act,[1] and the appellant filed a petition seeking habeas corpus relief in the court below. The court by order dated March 12, 1974, granted relief and denied extradition because the extradition documents failed to include either a warrant or a copy of a judgment of conviction or sentence as required by the Act. *See* 19 P.S. §191.3 (1964). Shortly thereafter the Commonwealth filed a petition for reconsideration of the order denying extra-

---

1. The Act was adopted in Pennsylvania by the Act of July 8, 1941, P.L. 288, §1 *et seq.;* 19 P.S. §191.1 *et seq.* (1964).

dition and averred that the extradition papers which had been received into evidence at the hearing did include a warrant of arrest which had inadvertently escaped the attention of the assistant district attorney and the court because it had been stapled to the reverse side of a blue backer. The court verified the existence of the warrant and on May 20, 1974, entered a new order denying relief and granting extradition.

The appellant appealed the second order and the Commonwealth took a protective appeal from the prior order. Both appeals were consolidated before this Court.

The appellant raises two main arguments: first, that the Commonwealth failed to produce sufficient evidence of his identity as the individual charged in the demanding state; and second, that the Commonwealth failed to show that he was present in the demanding state at the time of the commission of the crime. We find no merit in either of these contentions; and affirm the order of May 20, 1974.

Extradition will be ordered if (1) the subject of the extradition is charged with a crime in the demanding state; (2) the subject of extradition is a fugitive from the demanding state; (3) the subject of the extradition was present in the demanding state at the time of the commission of the crime; and (4) the requisition papers are in order. *Commonwealth ex rel. Coades v. Gable,* 437 Pa. 553, 264 A.2d 716 (1970); *Commonwealth ex rel. Colcough v. Aytch,* 227 Pa. Superior Ct. 527, 323 A.2d 359 (1974). Necessarily underlying these proofs is the Commonwealth's burden to establish that the person being extradited is the person demanded. *Commonwealth ex rel. Walker v. Hendrick,* 434 Pa. 175, 253 A.2d 95 (1969). "In every extradition proceeding, the relator has an absolute right to require that his identity as the person named in the Extradition Requisition be established and proved by the weight of credible evidence."

*Commonwealth ex rel. Edgar v. Davis,* 425 Pa. 133, 136, 228 A.2d 742, 744 (1967).

Upon a review of the record we are satisfied that the identity of the appellant was sufficiently established in this case. A witness at the hearing, Sergeant Witkoski of the New Jersey State Police, positively identified the appellant as the individual whom he arrested in New Jersey for the underlying offense. He also indicated that he had testified before the grand jury as to that arrest. It is true, as the appellant alleges, that the witness admitted on cross-examination that he had conversed with the appellant in the hall of the courthouse prior to the hearing, that he did not advise the appellant of his *Miranda* rights at this time, and that but for this confrontation his identification "probably would not" have been "so absolute." This statement, however, and the underlying conversation do not vitiate the in court identification.[2]

The Constitution provides that extradition is summary in nature[3] and "[t]he procedural safeguards required in most criminal proceedings are irrelevant to extradition proceedings." *Commonwealth ex rel. Colcough v. Aytch,* supra at 531, 323 A.2d at 361 (1974). "[S]tatements allegedly given by the subject of an extradition proceeding in violation of his constitutional rights . . . and evidence which has allegedly been illegally seized . . . may be introduced at an extradition hearing." *Commonwealth v. Kulp,* 225 Pa. Superior Ct. 345, 348, 310 A.2d 399, 400 (1973) (citations omitted).

Appellant's second argument that the evidence was insufficient to prove that he was in the demanding state at the time of the commission of the crime is also with-

---

2. We make no finding as to whether this encounter outside the courtroom was a "custodial interrogation" which would trigger the *Miranda* requirements.

3. U. S. Const., art. IV, §2.

out merit. "The allegations of the requisition and the accompanying affidavit must be accepted as prima facie true." *Commonwealth ex rel. Edgar v. Davis,* supra at 135, 228 A.2d at 744. Notwithstanding this principle the officer also testified that he arrested the appellant in New Jersey on the date of the commission of one of the offenses for which the appellant was indicted. Thus, proof of appellant's presence in the demanding state on the date in question was both specific and direct.

Appellant's last argument challenging the form of the New Jersey arrest warrant is a matter properly reserved for another jurisdiction. This Court will not inquire into the technical sufficiency of the warrant. "This is a matter exclusively within the authority of the demanding state . . . ." *Commonwealth ex rel. Raucci v. Price,* 409 Pa. 90, 100, 185 A.2d 523, 528 (1962).

The order of March 12, 1974, is vacated; the order of May 20, 1974, granting extradition is affirmed.