371 A.2d 1018

**COMMONWEALTH** of Pennsylvania, Appellant, ex rel. Clarence SMALLEY, Appellee,

v.

**Louis AYTCH,** Superintendent, Philadelphia County Prison.

Superior Court of Pennsylvania.

Argued Sept. 16, 1976.

Decided March 31, 1977.

Mark Sendrow, Assistant District Attorney, Philadelphia, with him Steven H. Goldblatt, Assistant District Attorney, Philadelphia, for appellant.

No appearance entered nor brief submitted for appellee.

Before WATKINS, President Judge, and JACOBS, HOFFMAN, CERCONE, PRICE, VAN der VOORT and SPAETH, JJ.

VAN der VOORT, Judge:

The appellee was arrested in Philadelphia as a fugitive from the State of Georgia where he is under indictment for forgery. He contested extradition and filed a petition for a

writ of habeas corpus. This is an appeal from orders of the Court of Common Pleas of Philadelphia County granting his petition for a writ of habeas corpus and denying the Commonwealth's petition for his extradition to the State of Georgia.

Appellee admitted that he had been arrested in the State of Georgia and that he was the person named in the extradition papers. He conceded that he knew he was charged with the crime of forgery in Georgia and would have to appear before court in that state. However, he testified that he had already appeared before the Georgia court on two occasions but was under no subpoena or warrant to return to that court again. In that posture he left the state and came to Pennsylvania. In contradiction to this testimony, a Georgia police officer testified that a bench warrant had been issued for appellee and that this is only done in Georgia when a defendant fails to appear after being served with a subpoena.

The Commonwealth introduced in evidence a Governor's warrant from the Commonwealth of Pennsylvania certifying that appellee was wanted in the State of Georgia, charged with two separate offenses of forgery in the first degree. The Commonwealth also offered in evidence a Governor's warrant from the State of Georgia stating that the appellee was charged in Richmond County, Georgia, with two counts of forgery in the first degree. Included in the requisition papers were indictments issued by the Georgia grand jury and a warrant for the arrest of appellee.

The Commonwealth also presented the testimony of an officer of the Augusta, Georgia, Police Department who stated that he had arrested appellee in Richmond County, Georgia, for trying to pass a stolen check, that he had known appellee before the arrest and had seen him on several subsequent occasions. He identified the appellee as the person named in the Governors' warrants and requisition papers.

After the hearing, the lower court found that appellee had not been served with a warrant or placed under subpoena at

the time he left Georgia. Upon that premise, the court ruled as a matter of law that appellee was not a fugitive from the State of Georgia and discharged him. The court's reasoning is stated in its opinion as follows:

"[Smalley] stated that after his arrest he had appeared in court on two occasions pursuant to supboenaes [sic]. He further testified that he had been advised by the court that the arresting officer had not appeared and was advised that he would receive notice of another listing. The defendant testified that he never used an alias, tried to conceal his whereabouts or identity, nor had he ever failed to respond to a summons or supboena [sic].

.    .    .    .    .

"Officer Beard testified in rebuttal that he received a supboena [sic] on one occasion, appeared in court and defendant was not present. At that time the court issued a bench warrant for the defendant. However, there is no proof that such a bench warrant was ever served either personally or by mail upon the defendant. There is likewise no proof that the defendant failed to respond to a supboena [sic], notice or other procedure on any occasion."

Extradition is a mandated constitutional process, a compact between the states to assist each other in the enforcement of their criminal laws: Constitution, Article 4, Section 2, Clause 2; 18 U.S.C. § 3182. The constitutional provision has been implemented by the Congressional Act of June 25, 1948, c. 645, 62 Stat. 822, 18 U.S.C. § 3182 and by the Uniform Criminal Extradition Act, adopted in Pennsylvania as the Act of July 8, 1941, P.L. 288, 19 P.S. §§ 191.1 to 191.31.

■ Under the Uniform Act extradition will be ordered upon proof of four facts: (1) that the subject of the extradition is a person charged with a crime in the demanding state; (2) that the subject of the extradition was in the demanding state at the time of the crime; (3) that the subject is a fugitive from the demanding state; and (4) that the requisition papers are in good order: *Commonwealth v. Murphy*, 236 Pa.Super. 37, 40, 344 A.2d 662, 663 (1975).

In the case before us, the only disputed fact is whether appellee is a fugitive from the State of Georgia. He admits that he is charged with a crime in that state and that he was present there at the time of the commission of the crime. He raises no question as to the adequacy of the extradition papers. There remains only to determine whether appellee is a fugitive from the State of Georgia. Appellee bases his denial that he is a fugitive upon the fact that he was not under subpoena or other restraint at the time he left the State of Georgia. This circumstance is wholly irrelevant to his status as a fugitive from justice.

The United States Supreme Court has held that to be a "fugitive from justice" it is only necessary that the accused was in the demanding state when the crime was committed, that thereafter he left the state and has been apprehended in another state: *Appleyard v. Massachusetts,* 203 U.S. 222, 227, 27 S.Ct. 122, 51 L.Ed. 161 (1906).

A similar ruling was made by this court in *Commonwealth v. Hare,* 36 Pa.Super. 125, 130–31 (1908). We stated at that time—

"It is not necessary that the person accused should have fled from the state in which the crime is alleged to have been committed or have left it in apprehension of a prosecution to constitute him a fugitive from justice within the meaning of the federal statute. If, having been within a state, he is accused of having committed while there that which by its laws constitutes a crime and, when he is sought to be subjected to criminal proceeding therefor, he has left its jurisdiction and is found within another state he is a fugitive from justice. It is not important whether the accused leaves the state to avoid prosecution or not. His motive does not affect his relation to the law."

In applying the principles expressed in *Appleyard* and *Hare,* the Supreme Court of Pennsylvania has held that a person brought into this state involuntarily may nevertheless be a fugitive from justice: *Commonwealth ex rel. Bonomo v. Haas,* 428 Pa. 167, 236 A.2d 810 (1968). In

*Bonomo* the accused, a New Jersey prisoner, was subsequently convicted of another crime in a federal court and transferred to the federal penitentiary at Lewisburg to serve a sentence for a federal offense. When he was released at Lewisburg, he was arrested by the Pennsylvania authorities as a fugitive from New Jersey on the basis of New Jersey extradition papers. *Bonomo* is a clear demonstration that the circumstances or motives under which a person leaves the demanding state are irrelevant in determining whether he is a fugitive from justice.

■ Clearly appellee does not defeat his extradition by his claim that he was not under legal restraint when he left Georgia. He concedes that he is the person charged with the commission of a crime in the State of Georgia. He admits that he was in the state at the time of the commission of the crime. The adequacy of the extradition papers is not disputed. His presence in Pennsylvania, regardless of the circumstances which brought him here, make him a fugitive from justice and subject to extradition.

The orders of the court below in denying extradition and in releasing appellee on a writ of habeas corpus are reversed. The records are remanded to the court below with directions that it deliver the relator Clarence Smalley to the authorities of the State of Georgia who are seeking his return.

HOFFMAN, J., concurs in the result.