384 A.2d 1340

**COMMONWEALTH of Pennsylvania ex rel. Edward MESHEL, Appellant,**

**v.**

**Dewaine GEDNEY, Director Pre-Trial Services.**

Superior Court of Pennsylvania.

Submitted June 28, 1976.

Decided April 13, 1978.

John W. Packel, Assistant Public Defender, and Benjamin Lerner, Defender, Philadelphia, for appellant.

Steven H. Goldblatt and Deborah E. Glass, Assistant District Attorneys, and F. Emmett Fitzpatrick, District Attorney, Philadelphia, for appellee.

Before WATKINS, President Judge, and JACOBS, HOFFMAN, CERCONE, PRICE, VAN der VOORT and SPAETH, JJ.

CERCONE, Judge:

This appeal arises from the order of the court below denying appellant's petition for a writ of habeas corpus and ordering his extradition to the State of New Jersey.

On September 11, 1975, the Governor of New Jersey executed requisition papers stating, inter alia, that appellant had been indicted in New Jersey for the crime of uttering forged checks; that he had been in New Jersey when the crime was committed; and, that he had fled to Pennsylvania. Pursuant to this request, the Governor of Pennsylvania issued a Governor's Warrant on September 24, 1975. Following a hearing, appellant's petition for habeas corpus was denied and this appeal raising two issues ensued.

■ Appellant first contends the various New Jersey requisition papers are not in order. Specifically, appellant asserts the papers are technically defective in the following manner: (1) The indictment is not personally signed by Cornelius P. Sullivan, who is represented to be the acting county prosecutor for Burlington County, New Jersey; (2) The warrant upon indictment is not signed by Herman Belopolsky, who is elsewhere represented to be a Judge of the Superior Court of New Jersey; (3) No attestation clause certifies that Herman Belopolsky is, in fact, a Judge of the Superior Court; (4) One Ralph Tolomeo is referred to in one of the accompanying documents as the "Executive Assistant to the County Prosecutor," whereas in an affidavit he is referred to as the "County Prosecutor"; and, (5) No clause attests to the position or positions of either Tolomeo or Sullivan.

We find that the foregoing inconsistencies or defects do not affect the validity of the request for extradition. Appellant had been indicted in New Jersey for uttering forged checks. Section 191.3 of the Uniform Criminal Extradition Act * provides in pertinent part that a request for extradition must be "accompanied by a copy of an indictment found. . . . The indictment . . . must substan-

* Act of July 8, 1911, P.L. 288, 19 P.S. § 191.1 et seq. (1964).

tially charge the person demanded with having committed a crime under the law of that state, and the copy of indictment . . . must be authenticated by the executive authority making the demand." Instantly, the requisition papers included, inter alia, a copy of the New Jersey indictment and the formal request for extradition by the Governor of New Jersey. Most importantly, the Governor's request states, in part:

"To the Governor of the Commonwealth of Pennsylvania. Whereas: It appears by the papers required by the Statutes of the United States and of this State, [which] are hereunto annexed, and *which I certify to be authentic and duly authenticated in accordance with the Laws of this State. . . .*" [Emphasis supplied.]

This certification was sufficient to authenticate all supporting documents included with the requisition request. See *Smith v. Helgemoe,* 369 A.2d 218 (N.H.1977); *Ex parte Regan,* 549 S.W.2d 204 (Tex.Cr.App.1977). The question of whether the asserted defects or inconsistencies render the indictment insufficient under the laws of New Jersey is clearly not before us. As the United States Supreme Court has stated:

"The only safe rule is to abandon entirely the standard to which the indictment must conform, judged as a criminal pleading, and consider only whether it shows satisfactorily that the fugitive has been in fact, however inartificially, charged with crime in the state from which he has fled." *Pierce v. Creecy,* 210 U.S. 387, 402, 28 S.Ct. 714, 718, 52 L.Ed.2d 1113 (1908).

In sum, we hold that for the purposes of extradition the instant requisition demand and supporting papers, which were duly authenticated by the Governor of New Jersey, were sufficient to warrant extradition. With respect to the other papers in which appellant notes defects and inconsistencies, we find these papers to be superfluous. Therefore, the errors, if any, contained therein are insufficient to justify avoiding extradition.

Appellant's remaining contention is that the lower court improperly limited cross-examination of the prosecuting witness by refusing to allow counsel to inquire into either the photographic identification the witness made, or the description of the perpetrator of the crime which the witness gave to the police. The facts surrounding this contention are as follows. On direct examination, Irene Lyczerski testified that she was the desk clerk at a New Jersey motel when appellant registered for a room. She further testified that appellant was only five feet away from her when he registered and that he paid for the room with an allegedly forged American Express Travelers Check. The lower court characterized Ms. Lyczerski's identification of appellant as positive and unequivocal. On cross-examination the witness stated that she gave the police a description of the person who passed her the check and that she was later shown photographs of possible suspects, one of which was appellant. When appellant's counsel attempted to elicit additional testimony regarding the description and photographic identification, the lower court sustained the Commonwealth's objection to further inquiry into these areas. Appellant argues this was error because it prevented him from discrediting the witness' testimony by possibly showing that her earlier description did not correspond with appellant's actual description, and that the photographic identification may have been impermissibly suggestive. We find this argument specious.

██ In this regard it is well-established that in extradition proceedings courts in the asylum state will not require proof, beyond a prima facie showing, that the person sought to be extradited was present in the demanding state when the crime was committed. *Commonwealth ex rel. Pacewicz v. Turley*, 399 Pa. 458, 160 A.2d 685 (1960); *Commonwealth v. Kulp*, 225 Pa.Super. 345, 310 A.2d 399 (1973). "Given the summary nature of interstate rendition proceedings, an accused is not entitled to receive the full panoply of procedural protections normally accorded to a defendant in a criminal trial." *Commonwealth v. Kulp*, 225 Pa.Super. at 348, 310

A.2d at 400. Even were we to assume that appellant could have established that the circumstances surrounding Ms. Lyczerski's photographic identification were impermissibly suggestive, or her initial description of the perpetrator did not match that of appellant, her positive and unequivocal identification of appellant at the extradition hearing was clearly sufficient credible evidence for the lower court to find that appellant was in New Jersey at the time of the crime. *Commonwealth v. Kulp*, supra. Accordingly, the hearing judge properly terminated appellant's counsel's inquiry into these areas.

Order affirmed.

WATKINS, former President Judge, did not participate in the consideration or decision of this case.