385 A.2d 354

**COMMONWEALTH of Pennsylvania ex rel. John F. BERRY, Appellant,**

v.

**Louis AYTCH, Superintendent Philadelphia County Prisons, Appellee.**

Superior Court of Pennsylvania.

Submitted March 21, 1977.

Decided April 13, 1978.

Barnaby Wittels, Assistant Public Defender, and Benjamin Lerner, Defender, Philadelphia, for appellant.

Steven H. Goldblatt and Deborah E. Glass, Assistant District Attorneys, and F. Emmett Fitzpatrick, District Attorney, Philadelphia, for Commonwealth, appellee.

Before WATKINS, President Judge, and JACOBS, HOFFMAN, CERCONE, PRICE, VAN der VOORT and SPAETH, JJ.

JACOBS, President Judge:

This appeal arises from the denial of appellant's petition for writ of habeas corpus in an extradition proceeding. Appellant raises four points which, he argues, make the

extradition order invalid. Even assuming that appellant's allegations have merit, all the alleged errors occurred prior to the institution of the Governor's Warrants on which the extradition order ultimately was based. Appellant does not challenge the validity of the extradition order itself. Our only concern in extradition proceedings, however, must be with the validity of the final order. Accordingly, we affirm the lower court's denial of appellant's petition for writ of habeas corpus and its entry of the extradition order.

Appellant Berry was arrested by Philadelphia police officers on November 22, 1975 and charged with being a fugitive from justice. As a basis for the charge, it was alleged that appellant was an escapee from the Burlington County, New Jersey jail. Appellant was arraigned and held in custody in lieu of bail. On December 2, 1975, Judge Ethan Allen DOTY found that defendant appeared to be the person charged with the escape and ordered him recommitted until Governor's Warrants were filed. On February 20, 1976, all local detainers against appellant were discharged and he was arrested on the basis of the Governor's Warrants. Appellant Berry filed a timely petition for writ of habeas corpus contesting extradition. A hearing on appellant's petition was held on March 11, 1976. At the hearing, it was apparent that Judge DOTY was troubled by confusing evidence and testimony as to appellant's identity. On March 24, 1977, the Commonwealth withdrew the Governor's Warrants and appellant was discharged from custody.

As appellant was leaving the courtroom following his discharge, he was again arrested by the Philadelphia police and charged with being a fugitive from justice. This time, it was alleged that appellant had committed one or more burglaries in New Jersey. Appellant was arraigned immediately after his rearrest. A "thirty-day" hearing pursuant to the Uniform Criminal Extradition Act[1] was scheduled for April 15, 1976. It was continued until April 20 and finally held on April 28, 1976. At the hearing, Judge DOTY heard appellant's petition for writ of habeas corpus and denied

1. The Act of July 8, 1941, P.L. 288, § 15, 19 P.S. § 191.15.

appellant's contention that his restraint had been unlawful because he did not receive a judicial hearing within thirty days of his second arrest. Appellant filed a second petition for writ of habeas corpus alleging that he had been arrested without probable cause. This petition was likewise denied.

In late June, 1976,[2] the Commonwealth discharged the fugitive charges against appellant and lodged new Governor's Warrants. These warrants were based on allegations *not* that appellant was a fugitive from the burglary charges for which he was arrested on March 24, 1976, but that he was an escapee from a New Jersey jail. At an August 31 hearing, Judge DOTY determined that the Governor's Warrants were in order; appellant's petition for a writ of habeas corpus was denied and he was ordered extradited to New Jersey. This appeal followed.

It is well established that the courts of the asylum state are limited to an extremely narrow determination in extradition matters. Extradition is a constitutionally mandated process and will be ordered if the subject of the extradition (1) is charged with a crime in the demanding state, (2) is a fugitive from the demanding state, (3) was present in the demanding state at the time of the commission of the crime, and (4) if the requisition papers are in order. *Commonwealth ex rel. Banks v. Hendrick*, 430 Pa. 575, 577, 243 A.2d 438, 439 (1968); *Commonwealth ex rel. Edgar v. Davis*, 425 Pa. 133, 135, 228 A.2d 742, 744 (1967); *Commonwealth ex rel. Smalley v. Commonwealth*, 247 Pa. Super. 23, 26, 371 A.2d 1018, 1020 (1977). The only issue before the court in an extradition/habeas corpus proceeding is whether the demanding state has complied with the four criteria of the Extradition Act. *Commonwealth ex rel. Colbert v. Aytch*, 246 Pa.Super. 278, 282, 369 A.2d 1321, 1323 (1976).

2. Appellant's brief indicates that the local charges were dismissed and the Governor's Warrant lodged on June 29, 1976; appellee claims the date to be June 22, 1976. Since neither date is determinative in relation to the issues before us, we will refer to the events simply as having taken place in June.

■ Appellant Berry does not challenge the findings made by the court below as to the propriety and validity of the extradition order. Instead, he raises four other bases for his appeal. First, he argues that the court erred in refusing to grant his petition for writ of habeas corpus because he had been held in custody 217 days before production of valid Governor's Warrants. Second, he alleges that his rearrest on March 24, 1976, followed by the lodging of Governor's Warrants on the same basis as those withdrawn on March 24 was unlawful. Third, appellant argues he was denied a "thirty day" hearing as mandated by law. And, fourth, he alleges that his arrest was not based on probable cause and, therefore, was violative of the Fourth and Fourteenth Amendments to the United States Constitution. Because Appellant does not contest the court's finding that the requirements of the Extradition Act have been met and because we find the other issues he raises not appropriate for review or meritless, we affirm the lower court's extradition order.

■ We find no errors to have occurred between appellant's initial arrest on November 22, 1975, and the discharge of the initial Governor's Warrants on March 24, 1976, so we turn to the issue of his March 24 rearrest. It is well established that the dismissal of Governor's Warrants, even with prejudice, in an extradition proceeding will not bar subsequent rearrest and a hearing on the same fugitive charges. *Commonwealth ex rel. Douglass v. Aytch*, 225 Pa.Super. 195, 199, 310 A.2d 313, 315 (1973), *allocatur denied*, 225 Pa.Super. xlii. As was the case in *Douglass*, the *Commonwealth* here moved for a dismissal of the Governor's Warrants; the court below made no finding on the merits. There is no reason to preclude the Commonwealth from rearresting appellant and bringing further Governor's Warrants against him. *See also Commonwealth ex rel. McCaine v. Gedney*, 237 Pa.Super. 499, 352 A.2d 72 (1975).

We recognize that appellant argues not only that his second arrest based on burglary charges was unlawful, but also that the Commonwealth's dropping those charges and

replacing them with Governor's Warrants based on his alleged escape from the New Jersey jail were unlawful and unconstitutional. We are precluded, however, from determining whether the lodging of the second set of Governor's Warrants against appellant was defective.

"The Constitution provides that extradition is summary in nature [U.S.Const., art. IV, § 2] and '[t]he procedural safeguards required in most criminal proceedings are irrelevant to extradition proceedings.'" [Citation omitted.] *Commonwealth ex rel. McGowan v. Aytch*, 233 Pa.Super. 66, 70, 334 A.2d 750, 752 (1975). *See also Commonwealth v. Kulp*, 225 Pa.Super. 345, 310 A.2d 399 (1973), *allocatur denied*, 225 Pa.Superior Ct. xlii. The legality of appellant's arrest, either on March 24, 1976 or in June, when the Governor's Warrants were lodged, is not pertinent to the four factor test applied in determining the propriety of the extradition decision. A petition for writ of habeas corpus to determine the legality of a relator's arrest applies only to whether the requirements of the Extradition Act have been met and not to whether the arrest itself was lawful. *Commonwealth ex rel. Colcough v. Aytch*, 227 Pa.Super. 527, 533, 323 A.2d 359, 362 (1974) *allocatur denied* 227 Pa. Super. xxvi. "Whatever may be the merits of appellant's contentions, they are not cognizable in an extradition proceeding." *Commonwealth ex rel. Flood v. Pizzo*, 434 Pa. 208, 211, 252 A.2d 656, 657 (1969).

We are lead to a similar conclusion on appellant's charge that he was denied a thirty day hearing following his March rearrest. Section 15 of the Uniform Criminal Extradition Act provides that upon a hearing before a judge or magistrate, if it appears that the person held is the one charged with committing the crime alleged and that he has fled from justice, he may be committed for up to thirty days pending receipt of the Governor's Warrants. The Act of July 8, 1941, P.L. 288, § 15, 19 P.S. § 191.15. (Hereinafter referred to as The Act.) If the Governor's Warrants are not forthcoming within thirty days, the accused may be recommitted for a period not to exceed an additional sixty days. The Act, 19 P.S. § 191.17.

■ Appellant, here, did not receive a Section 15 hearing within thirty days of his March 24 arrest. A hearing was scheduled for April 15, 1976, rescheduled for April 20, 1976, and finally held on April 28, 1976, thirty-five days following appellant's second arrest. In June of 1976, the burglary charges were dismissed and Governor's Warrants alleging that appellant was a fugitive from a jail escape charge were filed.[3] By not challenging the procedure surrounding the second set of Governor's Warrants or the court's finding that the requirements of the Extradition Act have been met, appellant concedes the validity of the extradition order. We are precluded, therefore, from determining whether the delayed Section 15 hearing warrants appellant's discharge.

> [I]f the original arrest and detention had been illegal, [appellant] would not be entitled to his discharge, if, before final hearing in the habeas corpus proceedings, legal cause for detaining him had arisen through the institution of removal proceedings. Where it appears that sufficient ground for detention exists, a prisoner will not be discharged for defects in the original arrest or commitment.

*Stallings v. Splain*, 253 U.S. 339, 343, 40 S.Ct. 537, 539, 64 L.Ed. 940, 943 (1920). Here, then, even if appellant's rearrest and detention had been illegal, legal cause for detaining him arose through the second set of Governor's Warrants. We cannot, therefore, order his discharge for defects which may have occurred before the issuing of the valid Governor's Warrants and the proper extradition order.

■ Finally, appellant contends that his arrest in Pennsylvania without showing probable cause to believe that he had committed a crime in New Jersey violated his Fourth and Fourteenth Amendment rights. It is difficult to determine whether appellant complains of a lack of probable cause for the March 24 arrest based on burglary charges or the June arrest based on escape charges. The specific arrest chal-

---

3. The institution of Governor's Warrants on a basis different from that of appellant's March 24 arrest makes most of the cases cited to us by the parties here inapposite.

lenged is unimportant, however, because our courts have repeatedly held that "probable cause for arrest in the demanding state need not be demonstrated in the asylum state before extradition may be granted and the papers accompanying the governor's warrant need not show probable cause for arrest." . *Commonwealth ex rel. Simpson v. Aytch*, 247 Pa.Super. 348, 351, 372 A.2d 861, 862 (1977). *See also Commonwealth ex rel. Ebbole v. Robinson*, 223 Pa.Super. 119, 299 A.2d 47 (1972). Furthermore, the June arrest, upon which the extradition order was entered, was based on a New Jersey indictment charging appellant with escape.[4] In reference to both the March 24 and June arrests, the proper forum for raising the issue of probable cause for arrest is in New Jersey, the demanding state. *Commonwealth ex rel. Colbert v. Aytch*, 246 Pa.Super. at 284, 369 A.2d at 1325; *Commonwealth ex rel. Marshall v. Gedney*, 237 Pa.Super. 372, 378, 352 A.2d 528, 530 (1975).

The trial court did not err in denying appellant's petition for a writ of habeas corpus and for ordering his extradition. Accordingly, we affirm. Upon remand of the record the supersedeas is vacated.

SPAETH, J., files a concurring opinion, in which HOFFMAN, J., joins.

WATKINS, former President Judge, did not participate in the consideration or decision of this case.

SPAETH, Judge, concurring:

I agree with the majority that we cannot at this point hear challenges to appellant's extradition based on the irregularities that appellant alleges. *See Commonwealth v. Perry*, 475 Pa.Super. 1, 379 A.2d 545 (1977), *Commonwealth ex rel. Myers v. Case*, 250 Pa.Super. 242, 378 A.2d 917 (1977). I note that appellant suffered no prejudice to his defense despite the discrepancy between the charge for which he was being held and the charge alleged in the subsequent

4. A copy of the indictment, as well as copies of the Governor's Warrants and all supporting material, is attached to the briefs of both parties.

Governors' Warrants, because he had almost two months before the extradition hearing to prepare a defense against the allegations made in the Governors' Warrants.

Nevertheless, one cannot help but wonder about the action of the authorities in holding appellant for one charge while obtaining Governors' Warrants on the basis of a different charge. While there is no evidence in the record to tell us why this happened, one can imagine a case in which the authorities, while waiting for correct extradition papers for one crime, detain a person for "safe-keeping" by arresting him for another crime which the authorities have no probable cause to suppose he really committed. I do not understand the majority opinion to imply that in the event of such an abuse of power the courts would be powerless to grant relief.

HOFFMAN, J., joins in this opinion.