607 A.2d 799

**In the Interest of Roger TETZLOFF, a Minor.**

Superior Court of Pennsylvania.

Argued Oct. 22, 1991.

Filed May 14, 1992.

Leonard J. Rivera, Harrisburg, for appellant.

Gloria J. McPherson, Asst. Dist. Atty., Shermansdale, for Com., appellee.

Before WIEAND, MONTEMURO and KELLY, JJ.

KELLY, Judge:

In this opinion we are called upon to determine whether *habeas corpus* relief is available to a defendant who is in custody in a jurisdiction from which he has absconded or escaped from lawful confinement, when such a defendant alleges his original seizure was illegal. We conclude that once legal cause for detaining a defendant arises prior to the final hearing in the *habeas corpus* proceedings, the question of the lawfulness of the initial seizure is rendered moot for the purposes of *habeas* relief. Accordingly, we affirm the order denying appellant's *habe-*

*as corpus* petition and committing him to a substance abuse rehabilitation facility.

The relevant facts and procedural history are as follows. Appellant appeared at a juvenile adjudication hearing in Dauphin County on charges of burglary and criminal conspiracy. Appellant was adjudicated delinquent and placed in a drug and alcohol treatment facility. Appellant subsequently escaped from this facility.

During a subsequent, unrelated investigation of a triple murder in Bucks County, Bucks County authorities became aware that appellant and a female companion were in the company of the suspected murderer in Miami, Florida. The authorities located the trio, and appellant was immediately seized, taken into custody and transported to Bucks County, Pennsylvania.[1] Appellant was brought before a district magistrate as a material witness to the homicide and bail for his release was set at $500,000.00. Unable to post bail, appellant was detained at the Bucks County Youth Center.

Thereafter, Dauphin County officials learned that appellant had been brought back to Pennsylvania by Bucks County officials. Accordingly, appellant was transferred to Dauphin County as an absconder from lawful confinement and detained at the Woodside Juvenile Detention Center.

Appellant filed a petition for a writ of *habeas corpus* in Dauphin County alleging that the Bucks County authorities had illegally seized him in Florida and requesting release from custody in Dauphin County. The court issued a rule to show cause why the petition should not be granted, and the Commonwealth submitted a timely answer. Following a hearing, the petition was denied. A review of the commitment hearing was immediately held, after which appellant was reassigned to a secure substance abuse facility. This timely appeal followed.

On appeal, appellant contends that the Bucks County authorities violated his right to due process of law by

1. The record does not reveal the action, if any, which was taken on the other two individuals.

seizing him off the streets as they did. He maintains his detention in Dauphin County is "fruit" of that illegal seizure, and that he must be released to rectify the constitutional error. We do not agree.

In *Commonwealth ex rel. Berry v. Aytch*, 253 Pa.Super. 312, 385 A.2d 354 (1978), this Court was asked to decide a similar question in the context of extradition proceedings under the Uniform Criminal Extradition Act. The panel in *Aytch* summarized the facts before the Court as follows:

Appellant Berry was arrested by Philadelphia police officers on November 22, 1975 and charged with being a fugitive from justice. As a basis for the charge, it was alleged that appellant was an escapee from the Burlington County, New Jersey jail. Appellant was arraigned and held in custody in lieu of bail. On December 2, 1975, Judge Ethan Allen DOTY found that defendant appeared to be the person charged with the escape and ordered him recommitted until Governor's Warrants were filed. On February 20, 1976, all local detainers against appellant were discharged and he was arrested on the basis of the Governor's Warrants. Appellant Berry filed a timely petition for writ of habeas corpus contesting extradition. A hearing on appellant's petition was held on March 11, 1976. At the hearing, it was apparent that Judge DOTY was troubled by confusing evidence and testimony as to appellant's identity. On March 24, 1977, the Commonwealth withdrew the Governor's Warrants and appellant was discharged from custody.

As appellant was leaving the courtroom following his discharge, he was again arrested by the Philadelphia police and charged with being a fugitive from justice. This time, it was alleged that appellant had committed one or more burglaries in New Jersey. Appellant was arraigned immediately after his rearrest. A "thirty-day" hearing pursuant to the Uniform Criminal Extradition Act was scheduled for April 15, 1976. It was continued until April 20 and finally held on April 28, 1976. At the hearing, Judge DOTY heard appellant's petition for writ

of habeas corpus and denied appellant's contention that his restraint had been unlawful because he did not receive a judicial hearing within thirty days of his second arrest. Appellant filed a second petition for writ of habeas corpus alleging that he had been arrested without probable cause. This petition was likewise denied.

In late June, 1976, the Commonwealth discharged the fugitive charges against appellant and lodged new Governor's Warrants. These warrants were based on allegations not that appellant was a fugitive from the burglary charges for which he was arrested on March 24, 1976, but that he was an escapee from a New Jersey jail. At an August 31 hearing, Judge DOTY determined that the Governor's Warrants were in order; appellant's petition for a writ of habeas corpus was denied and he was ordered extradited to New Jersey.

*Id.*, 253 Pa.Superior Ct. at 315–16, 385 A.2d at 355–56 (footnote omitted).

On appeal appellant argued to the *Aytch* Court that because his rearrest was unlawful, all subsequent proceedings were in effect nullities. In rejecting this argument, the Court opined:

f the original arrest and detention had been illegal, [appellant] would not be entitled to his discharge, *if, before final hearing in the habeas corpus proceedings, legal cause for detaining him had arisen through the institution of removal proceedings. Where it appears that sufficient ground for detention exists, a prisoner will not be discharged for defects in the original arrest or commitment.*

*Id.*, 253 Pa.Superior Ct. at 319, 385 A.2d at 357 (emphasis added); *quoting Stallings v. Splain,* 253 U.S. 339, 343, 40 S.Ct. 537, 539, 64 L.Ed. 940, 943 (1920). Accordingly, the *Aytch* Court denied the *habeas* petition.

The instant case is, of course, indistinguishable. Appellant, at the time of his seizure in Florida, was an absconder from custody at a juvenile facility. Subsequent to his return to Bucks County, appellant was lawfully transferred to Dauphin County officials as an absconder from

placement. Thus, at the time he filed his *habeas* petition, legal cause had arisen for detaining appellant. As such, even were we to assume appellant's initial seizure was illegal,[2] the relief appellant seeks herein is simply not available. The nature or justification for appellant's initial seizure is, under the circumstances, wholly irrelevant. Accordingly, the order denying appellant's *habeas corpus* petition and recommitting him to juvenile custody is affirmed.

Order Affirmed.

**2.** We note that due to our disposition, we need not decide the legality of appellant's original seizure. Thus, we do not reach the questions of whether Pa.R.Crim.P. 4017 authorized the actions taken by the Bucks County authorities or whether the Interstate Compact on Juveniles, 62 Pa.S.A. § 731 *et seq.*, is applicable to the seizure of a juvenile witness.