Commonwealth ex rel. Ghezzi, Appellant, *v.* Jeffries, Sheriff.

Argued November 15, 1948. Before RHODES, P. J., HIRT, RENO, DITHRICH, ROSS, ARNOLD and FINE, JJ.

*Gilbert S. Parnell,* with him *Parnell, Handler & Malcolm,* for appellant.

*Gertrude M. Bauer,* with her *Frank T. Cullitan,* for Cuyahoga County, Ohio, amicus curiæ.

OPINION BY DITHRICH, J., January 14, 1949:

On requisition of the Governor of Ohio an executive warrant issued from the Governor of Pennsylvania requiring the appellant to answer an indictment returned against him in Cuyahoga County, Ohio, on charges of abandonment of his wife, Helen Ghezzi, in Cleveland, Ohio, when she was pregnant, and of failure to support her and their minor child, born and residing with her and her mother in Cleveland.

Ghezzi contested the extradition warrant by initiating this action of habeas corpus. A hearing was held before the Court of Common Pleas of Indiana County at which Helen Ghezzi was present and testified. The evidence adduced at the hearing disclosed that the petitioner and his wife were married March 9, 1946, in Indiana County, where the wife had previously visited the petitioner. Subsequent to the marriage the Ghezzis lived at the home of the husband's sister in McIntyre, Indiana County, where the husband was employed as a welder by a coal company. There was considerable evidence indicating the wife's dissatisfaction with the living arrangements in McIntyre, and they therefore made arrangements to rent an apartment in Indiana and bought kitchen furniture preparatory to moving into the apartment.

It was understood that they were to move into the apartment following the wife's return from a visit in Cleveland with her mother. The trip to Cleveland was made July 1, 1946, and, according to the wife's testimony, it was understood that her husband was to come to her mother's on July 4, 1946, and on Sunday, July 6, 1946, was to drive her back to Indiana. According to

Ghezzi, it was agreed that they would leave Cleveland Saturday, July 5, 1946. On his wife's refusal to leave at the appointed time, Ghezzi left alone.

A child, Jeffrey Ghezzi, was born to Helen Ghezzi December 5, 1946, in Cleveland. It was admitted by petitioner that he had paid nothing toward the hospital expenses or the support of the child.

The lower court dismissed the writ and remanded the petitioner, concluding that much of the evidence was irrelevant to the issues triable in extradition proceedings, since the guilt or innocence of the accused cannot be inquired into by the executive or judicial authorities of the asylum state. This appeal was taken on the principal ground that the appellant was not, under the evidence, a fugitive from the justice of the State of Ohio.

The indictment is predicated upon §§13008-9 of the General Code of Ohio, which make it an offense punishable by fine and imprisonment to neglect to provide for a child or pregnant woman or to abandon a child or pregnant woman.

In determining whether or not an accused named in an extradition warrant is a fugitive from justice, it is not within the province of the courts of the asylum state to inquire into the facts underlying the charges laid in the indictment. *Commonwealth ex rel. Bucksbarg v. Good,* 162 Pa. Superior Ct. 557, 58 A. 2d 842. Under the Uniform Criminal Extradition Act of July 8, 1941, P. L. 288, §20, 19 PS 191.20, the question of the guilt or innocence of the accused is not open to the courts of this Commonwealth. Appellant argues, however, that the court's review in extradition cases is in the nature of a broad certiorari, permitting an examination of the evidence to determine the validity of the order appealed from. That part of the opinion in *Commonwealth ex rel. Mattox v. Superintendent of County Prison,* 152 Pa. Superior Ct. 167, 31 A. 2d 576, relied on by appellant, does not support his position, but rather

*rules* it against him. It was, in fact, cited in support of the following statement in *Commonwealth ex rel. Bucksbarg v. Good*, supra, at page 560:

". . . . An appeal from an order of a court on habeas corpus, following the arrest of a fugitive in an extradition proceeding, is in the nature of certiorari. The scope of our review therefore, is definitely limited and we may inquire only whether the court had jurisdiction of the subject matter and whether the proceedings are regular and in conformity with law. Com. ex rel. Mattox v. Supt. of Co. Prison, 152 Pa. Superior Ct. 167, 170, 31 A. 2d 576."

It is settled that however favorably the evidence adduced at the hearing may affect the court's conclusions as to the merits of the offense charged in the demanding state, the court on review may only determine whether or not the lower court proceeded in conformity with law in deciding the following points: (a) the identification of the person demanded; (b) whether or not a crime was substantially charged, from the record, and (c) whether the accused is a fugitive from justice.[1] *Commonwealth ex rel. v. Hare*, 36 Pa. Superior Ct. 125.

Appellant argues that in this type of case the accused has the right to produce facts which show that he did not incur or could not have incurred guilt in the demanding state at the time the crime was alleged to have been committed, due to the fact that the crime of abandonment involves a matter of domicile.

However, the Supreme Court of Ohio has held *In re Poage*, 87 Ohio St. 72, 100 N. E. 125, 128, that "since the amendment of April 28, 1908, it is . . . the law of this state that a parent may be guilty of the crime of failing to provide for his minor children, although he is residing in another state during the time laid in the indictment, and that the venue of the crime is properly

---

[1] Exception is recognized to this limitation in cases of the class of the *Mattox* case, where it was made to appear that the petitioner would be subjected to mob violence or lynching in the demanding state.

laid in the county where the child is domiciled when the complaint is made. . . . it is not necessary to allege in the indictment that the defendant was during the time covered by the indictment, or any part of it, a resident of this state." See also *Commonwealth ex rel. Reynolds v. Fluck,* 57 Montg. 317, relied on by the court below; *Commonwealth ex rel. Flower v. Superintendent of Philadelphia County Prison,* 220 Pa. 401, 69 A. 916; *Chase v. State of Florida ex rel. Burch,* 93 Fla. 963, 113 So. 103.

In the *Poage* case a citizen of the State of Kentucky was indicted in Lawrence County, Ohio, for failure to provide for his minor child then being in such county. In his petition for a writ of habeas corpus to test the validity of the indictment, he averred that without his knowledge or consent and against his wishes and desire his wife had abandoned their home in Kentucky, taking their minor child with her, and gone into Ohio, where she had remained, and had ever since refused to return or to permit such minor child to return to him, although he had at all times maintained in Kentucky a home for her and said child and had at all times been ready and willing to receive them and provide for them. But the Court held, page 129 of 100 N. E.: "This court, however, is not the forum to hear and determine the truth or falsity of the averments of this petition." The facts in that case were very similar to the facts in the case at bar, and we must hold, as it was there held, that " 'The evidence offered was not competent to work the discharge . . . on habeas corpus; the same being competent and appropriate as a part of his defense to the charge . . .' " on his trial in the demanding state.

The order is affirmed, and the record is remitted to the lower court with the direction that the relator surrender himself into the custody to which he was remanded, and that the Governor's order in this extradition proceeding be carried into effect.