Commonwealth ex rel. Hunt, Appellant, *v.*
Groman.

Argued March 22, 1951. Before RHODES, P. J., HIRT,
RENO, ROSS, ARNOLD and GUNTHER, JJ. (DITHRICH, J.,
absent).

*Lewis R. Long,* for appellant.

*Elias W. Spengler,* First Assistant District Attorney, with him *Jacob A. Raub,* District Attorney, for appellee.

OPINION BY HIRT, J., July 19, 1951:

In response to a request, upon executive authority of the State of Wisconsin for the extradition of relator Alvin Hunt, as a fugitive from justice, the Governor of this Commonwealth by warrant directed his arrest and return to that state. Thereupon relator, testing the legality of his arrest, sought his discharge on habeas corpus. After hearing the lower court remanded him into the custody of the designated agent of the State of Wisconsin to be by him conveyed to that state, there to be dealt with according to law. This appeal by relator from that order is in the nature of certiorari. The scope of our review therefore, is limited strictly to the inquiry whether the court had jurisdiction of the subject matter and whether the proceedings are regular and in conformity with law. *Com. ex rel. Mattox v. Supt. of Co. Prison,* 152 Pa. Superior Ct. 167, 170, 31 A. 2d 576; *Com. ex rel. Bucksbarg v. Good,* 162 Pa. Superior Ct. 557, 58 A. 2d 842. The court had jurisdiction and every aspect of this appeal must be ruled against relator on settled authority.

At the hearing relator admitted that on April 17, 1948, he bought 31 head of cattle from one Leonard Simonsmeier in Plymouth, Wisconsin, for $9,069.60. On delivery of the cattle to him there, relator gave his

check to Simonsmeier in the above amount, ostensibly in payment of the agreed purchase price of the cattle. He then shipped the cattle by rail to himself as consignee at Bethlehem, Pennsylvania. Relator admitted that on April 17, 1948, he did not have sufficient funds on deposit in his bank account to meet the check; and he also admitted that he had actually stopped payment of the check by notice to the bank on which it was drawn, *before* he delivered it to Simonsmeier.

Since relator at the hearing admitted that he is the person named in the warrant, and that he was in the State of Wisconsin at the time the offenses charged in this record were committed he must be regarded as a fugitive from justice in Wisconsin. *Commonwealth v. Supt. Co. Prison,* 220 Pa. 401, 408, 69 A. 916. And whether he left the State of Wisconsin to avoid prosecution is unimportant. His motives do not affect his relation to the law. *Commonwealth v. Hare,* 36 Pa. Superior Ct. 125, 130.

The offenses with which relator was charged in Wisconsin, on which extradition was sought, were "obtaining property by false pretense" and "issuing a worthless check with intent to defraud". At the hearing below, relator attempted to justify his delivery of the worthless check, by an offer to prove that he had sustained losses on cattle which he had bought from Simonsmeier on prior occasions. Cattle in earlier shipments were found to be tubercular and suffering from Bangs disease, when inspected on delivery to relator in Pennsylvania. The lower court properly sustained the Commonwealth's objection to this and other offers of proof going to the merits of the charges. While under the Habeas Corpus Act of July 1, 1937, P. L. 2664, 12 PS §1892, a judge on granting the writ may inquire into the facts, his authority does not extend to an inquiry into the guilt or innocence of the accused. That is exclusively the function of the demanding state.

*Commonwealth ex rel. Ghezzi v. Jeffries,* 164 Pa. Superior Ct. 48, 63 A. 2d 386; *Com. ex rel. Bucksbarg v. Good,* supra.

According to the record, the criminal complaint charging relator with the above offenses was made on November 3, 1950, more than two years after the delivery of the worthless check. However in this proceeding we may not consider relator's contention that the charges are barred by statutes of limitation in the State of Wisconsin and that he is entitled to his discharge on that ground. A statute of limitation is also a matter of defense and must be asserted at the trial of the criminal case. It is not a proper subject of investigation in an extradition proceeding. *Biddinger v. Commissioner of Police,* 245 U. S. 128, 135. Cf. Annotation, 77 A. L. R. 902.

Finally, and for the same reason, we may not consider the argument advanced by relator, that his proceeding was instituted by Simonsmeier to collect a civil debt. The motives of the prosecutor cannot be the subject of inquiry here since they also go to the question of relator's guilt. *Commonwealth v. Supt. Co. Prison,* supra. "If the demanding state in its requisition has complied with the legal requirements, [as in this proceeding] neither our governor nor this court has the power to inquire into the motives of the prosecution or whether the charge is true": *Com. ex rel. Spivak v. Heinz,* 141 Pa. Superior Ct. 158, 160, 14 A. 2d 875.

Order affirmed; relator is remanded to custody to be delivered to the designated agent of the demanding state for extradition.