## Commonwealth ex rel. Wadley v. Baldi, Superintendent

*Samuel A. Levin*, for plaintiff.

*S. Dash*, assistant district attorney, and *M. Warner*, for relator.

OLIVER, P. J., January 28, 1954.—This is a petition for release under a writ of habeas corpus. Extradition

proceedings were instituted in Georgia to compel relator's return to that State to answer for a crime. The record was in proper order, and relator was arrested by the Philadelphia police in August 1953. Upon a writ of habeas corpus, a hearing was held in November of 1953, at which time a judge of this court, at the request of the district attorney, discharged relator. He was subsequently rearrested, and he now claims the rearrest was illegal because of the previous release; he also maintains that he is not a fugitive, since he avers he did not escape from prison, and that this court must, at this hearing, decide that question.

Relator's first contention is without merit. Judge Bok released relator on November 27, 1953, without a hearing, and without a decision on the merits. There is in evidence a statement, signed by Judge Bok, explaining his action, and expressly stating

"I did not dispose of the case on its merits and therefore have no special knowledge that would prevent the next judge from being able to reach a full and independent conclusion."

Relator was released on that day, at the request of the district attorney, because the Georgia agents were not present, and the court felt it would be unfair to hold the man longer. Afterward, upon learning Georgia had not abandoned its claim for relator, and upon the basis of the recent decision of the Supreme Court in Sweeney, Sheriff, v. Woodall, 344 U. S. 86 (1953), holding that such presence is not necessary to the validity of the habeas corpus proceedings, relator was rearrested to permit Georgia to perfect the extradition, and to give relator an opportunity to be heard on the merits.

Before going on to decide what may or may not properly be raised at the habeas corpus proceeding in extradition cases, we must decide whether the rearrest of relator here was proper and legal. Where one has

been discharged on habeas corpus, and has been re-arrested, the crucial question is whether the same issue as was decided in the habeas corpus proceeding is the basis for the rearrest: Sutton v. Butler, 26 N. Y. Crim. Rep. 413 (1912) ; 62 A. L. R. 465. See also Com. v. Hall, 9 Gray (Mass.) 262, 69 Am. Dec. 285 (1857) ; In re Muller, Fed. Cas. No. 9,913, 5 Phila. 289; Tiberg v. Warren, 192 Fed. 458 (9th cir., 1911).

At the hearing before Judge Bok *none* of the issues involved on the rearrest was decided at the habeas corpus proceeding. The questions to be decided on the rearrest in this case, are, as in all extradition cases: (a) Identification of the person demanded; (b) whether or not upon the record a crime was substantially charged, and (c) whether the accused is a fugitive from justice. See Commonwealth ex rel. Ghezzi v. Jeffries, Sheriff, 164 Pa. Superior Ct. 48 (1949). Since these issues were not decided in the habeas corpus proceedings before Judge Bok, the rearrest was legal, and it is not necessary that the judgment on the previous habeas corpus proceeding be vacated, or that new extradition proceedings be instituted.

Relator admits his identity, and there is no dispute that a crime was substantially charged in the record. But he claims he was *released* from prison in Georgia; that he did not *escape*, and that this court must now decide this question in the present habeas corpus proceedings.

Relator is correct as to this contention. It is settled that the scope of inquiry on habeas corpus in extradition proceedings is limited to *jurisdictional* matters, but, as our Supreme Court said in Commonwealth ex rel. v. Superintendent of Philadelphia County Prison, 220 Pa. 401, 404 (1908), the present question is one of jurisdiction:

"The accused may contest the validity of the extradition proceedings on habeas corpus. He may show

that he is not charged with a crime in the demanding state, or that he is not a fugitive from the justice of the demanding state. These are jurisdictional facts, and if the accused can successfully controvert either, he is entitled to be discharged from custody. . . . Whether the accused is a fugitive from the justice of the state demanding his return is one of fact, and, when controverted, to be ascertained and determined like any other question of fact." And, on page 405, "The warrant is presumptive but not conclusive evidence that the person is a fugitive from justice; . . . But the accused may show by competent evidence, as a ground for his release, that he is not a fugitive from the justice of the demanding state, and thereby overcome the presumption to the contrary arising from the face of the warrant."

The language quoted by the Commonwealth from the opinion of the court in Commonwealth ex rel. Hatton v. Dye, 373 Pa. 502, 507 (1953), to the effect that it is sufficient that ". . . commitment . . . and an escape are shown," means *not* merely that the extradition papers must *allege* an escape, but that the record on the habeas corpus proceeding must indicate, and the court must find as a fact, that there was an escape. In that event, the court may allow the extradition.

In Commonwealth ex rel. Huey v. Dye, 373 Pa. 508 (1953), the court follows the rule of Commonwealth v. Supt. of Phila. County Prison, supra, and says, at page 510:

"In order to establish the fact that he was not a fugitive as stated in the requisition, the burden was on him to prove (1) that his sentence had been served; or (2) that he had been pardoned or paroled; or (3) a judicial order requiring his release from the South Carolina prison."

Since the court did not, at the instance of the district attorney, address itself to such an inquiry at the

habeas corpus proceeding, a further hearing will be ordered at which testimony will be heard in accordance with this opinion, to give relator an opportunity to overcome the presumption that he is a fugitive.

### Order

And now, to wit, January 28, 1954, it is ordered that this matter be continued, and that another hearing be held in Room 483, City Hall, Philadelphia, on Friday, February 5, 1954, at 10 a.m., at which time testimony will be heard in accordance with this opinion, and it is also directed that notice of this hearing be given forthwith to relator and to the Georgia authorities.