## Commonwealth ex rel. Maryanski v. Myers

*Thomas Maryanski*, p.p., relator.

*James C. Crumlish, Jr.*, District Attorney, for respondent.

SPORKIN, J., August 3, 1962.—Relator, Thomas Maryanski, has filed a petition for writ of habeas corpus on which a rule was granted to show cause why the writ should not be issued, returnable before the writer of this opinion on July 20, 1962.

We have reviewed the 32 page petition, together with the exhibits attached thereto, consisting of copy of the transcript of a hearing before Hon. J. Paul MacElree on May 19, 1960, on motions to quash the bills of indictment, and copy of the transcript of the testimony of the trial held before Hon. Charles A. Waters, Jr., without a jury, on July 26, 1960.

Defendant was charged with statutory rape, incest and corrupting the morals of a minor, one Joan Maryanski, relator's daughter. After a fair and impartial trial, relator was adjudged guilty and sentenced to not less than five years nor more than 15 years in the Eastern State Correctional Institution.

Relator was represented at both the hearing and the trial by competent counsel.

In the lengthy petition before us, relator seeks his discharge on the ground, first, that the crimes charged in the bills of indictment had occurred at a time when prosecution thereof had been barred by the statute of limitations; and, second, that the evidence upon which he was found guilty was false and perjured.

With respect to relator's first argument, the facts adduced at the trial warranted the finding of the trial

judge that the offenses occurred within the statutory period. With regard to the second contention, the credibility of the witnesses and the weight to be given to their testimony were matters solely for the trial judge.

A writ of habeas corpus cannot be resorted to or used as a substitute for an appeal or writ of error, or for a motion for a new trial: Commonwealth ex rel. Johnson v. Myers, 402 Pa. 451 (1961) ; Commonwealth ex rel. Gouch v. Myers, 196 Pa. Superior Ct. 285 (1961) ; Commonwealth ex rel. Corbin v. Banmiller, 391 Pa. 265 (1958) ; Commonwealth ex rel. Kennedy v. Mingle, 388 Pa. 54 (1957) ; Commonwealth ex rel. Jackson v. Day, 179 Pa. Superior Ct. 566 (1955).

Nor can it be used to reexamine matters of fact passed on by the jury at the trial or by the trial judge sitting without a jury: Commonwealth ex rel. Geiger v. Burke, 371 Pa. 230 (1952). Nor can it be used to question the sufficiency or insufficiency of the evidence to sustain a conviction: Commonwealth ex rel. Marelia v. Burke, 366 Pa. 124 (1950).

Neither can questions concerning the conduct of a trial, integrity of a witness and similar matters be raised by the writ: Commonwealth ex rel. Lewis v. Tees, 177 Pa. Superior Ct. 132 (1955). Furthermore, the defense that the charge is barred by the statute of limitations cannot be raised in a habeas corpus proceeding: Commonwealth ex rel. Hunt v. Groman, 169 Pa. Superior Ct. 68 (1951).

Accordingly, upon careful consideration of the averments of the petition and exhibits attached thereto, we have concluded that the petition for writ of habeas corpus be dismissed and the rule granted thereon be discharged.