402 A.2d 551

COMMONWEALTH of Pennsylvania ex rel. Morton F. HULSE

v.

Duane GEDNEY.

**Appeal of Morton F. HULSE.**

Superior Court of Pennsylvania.

Submitted Dec. 8, 1978.

Decided April 27, 1979.

506

Joseph M. Fioravanti, Philadelphia, for appellant.

Edward G. Rendell, District Attorney, and with him W. Ruth Fleishman, Assistant District Attorney, Philadelphia, for appellee Duane Gedney.

Before CERCONE, HESTER and HOFFMAN, JJ.

HOFFMAN, Judge:

This is an appeal from an order denying appellant's writ of habeas corpus and ordering his extradition to Florida. Appellant contends that the Florida Governor's Warrant and accompanying requisition papers are deficient because they do not allege that appellant committed any criminal acts in Florida or Pennsylvania. We affirm because appellant's position has no basis in fact.

The Florida Governor's Warrant states that "under the laws of this State, Morton Francis Hulse stands charged with commission of an act or acts in the State of Pennsylvania intentionally resulting in the crime of Grand Larceny by Fraudulent Representation . . . in the State of Florida, and it has been . . . satisfactorily shown to me that he is now found in the State of Pennsylvania." The requisition affidavits of Michael J. Statz, Assistant State Attorney, and Donald L. Granda, an officer of the Sage Corporation, reveal the factual basis of the warrant. Hulse is charged with the execution and sealing of 17 "Release of

Lien" bonds in favor of Sage between March 20, and April 25, 1975, while in Pennsylvania. Hulse and his three co-defendants allegedly accepted premium payments from Sage even though they were not licensed insurance brokers in Florida, thus rendering the Release of Liens (filed in several Sage construction projects) worthless and invalid. The Florida information charging Hulse and his three co-defendants does not aver the commission of any acts in Pennsylvania.

At an evidentiary hearing on August 9, 1977, U.S. Postal Inspector Richard E. McGee testified that from his investigation in the matter, he could identify appellant as the Morton F. Hulse charge in the Governor's Warrant. Appellant did not present any evidence at the hearing.

 Although appellant is not a fugitive from the State of Florida, his extradition is nonetheless authorized by the Act of July 8, 1941, P.L. 288, § 6; 19 P.S. § 191.6[1] if the Governor's Warrant charges him with committing an act in this State intentionally resulting in a crime in the demanding state. The allegations of the demanding state's requisition papers are to be given *prima facie* validity by the asylum state. *Commonwealth ex rel. Reyes v. Aytch,* 246 Pa.Super. 287, 369 A.2d 1325 (1976). If the accused does not offer any evidence to rebut the allegations in the requisition papers, then extradition must be allowed where the accused is identified as the person sought by the warrant. 19 P.S. § 191.20.

 Here, the requisition papers are in order and clearly allege that appellant committed certain acts in Pennsylvania intentionally resulting in a crime in Florida. Appellant was identified as the individual sought. The fact that the Florida information does not aver that any criminal acts occurred in Pennsylvania is irrelevant under the statute. Because appellant presented no evidence on his behalf, the judge below had no choice but to allow the Governor to extradite appellant to Florida.

Order affirmed.

1. Re-enacted in the Act of July 9, 1976 P.L. 586, No. 142, § 2; 42 Pa.C.S.A. § 9127 (eff. June 27, 1978).