COMMONWEALTH OF
PENNSYLVANIA,
Appellee

v.

Kevin M. LIVENGOOD, Appellant.

Superior Court of Pennsylvania.

Submitted March 29, 2006.
Filed June 12, 2006.

Harry J. Cancelmi, Jr., Public Defender, Waynesburg, for appellant.

Marjorie A. Fox, Asst. Dist. Atty., Waynesburg, for Commonwealth, appellee.

BEFORE: FORD ELLIOTT, P.J., BOWES and JOHNSON, JJ.

OPINION BY BOWES, J.:

¶ 1 Kevin Livengood appeals from the August 29, 2005 order denying his *habeas corpus* petition, which challenged the validity of an extradition warrant ordering his surrender to the state of West Virginia. Upon review, we are constrained to vacate the order and discharge Appellant.

¶ 2 In 1981, Appellant allegedly began harassing Rhonda Blizzard by following her, telephoning her, making death threats against Ms. Blizzard and her unborn child, and harassing Ms. Blizzard's co-workers. The harassment purportedly continued until 1985, when Appellant signed a legal document in which he agreed to have no further contact with Ms. Blizzard, who now resides in West Virginia. The agreement further provided that if Appellant initiated contact with Ms. Blizzard at any time in the future, she could bring criminal charges against him. *See* Complaint, 9/16/04, at 1.

¶ 3 On September 10, 2004, Ms. Blizzard's son answered the telephone at her West Virginia home. The caller immediately hung up; however, a caller identification device identified the caller as Kevin Livengood and indicated that the call originated from 724–447–2122, which is registered to Appellant's apartment in Greene County, Pennsylvania. Three days later, Ms. Blizzard discovered a message on her answering machine in which the caller stated, "Yeah, this is 724–447–2122, have Rhonda call that number. She remembers me from '85." N.T hearing, 8/26/05, at 24.[1] Ms. Blizzard promptly contacted local police, who then charged Appellant with misdemeanor stalking under section 61–2–9a of the West Virginia Code.

¶ 4 On May 25, 2005, Pennsylvania State Police charged Appellant under 42 Pa.C.S. § 9134, arrest prior to requisition, alleging that Appellant resided in Pennsylvania and that he had been charged with a crime in West Virginia. Appellant was arrested and posted bail. On May 31, 2005, Appellant appeared in court and objected to the extradition proceedings. As a result, West Virginia Governor Joe Manchin III forwarded an application for requisition to Pennsylvania Governor Edward Rendell. The application was prepared by the prosecuting attorney in Monongalia County, West Virginia, and detailed the circumstances surrounding the alleged crime. In the interim, Appellant filed a petition for writ of *habeas corpus* asserting that his arrest by Pennsylvania authorities was invalid. On July 21, 2005, Governor Rendell issued a warrant allowing Appellant to be extradited to West Virginia, and Appellant subsequently filed an amended *habeas corpus* petition. Following a hearing on August 26, 2005, the trial court denied *habeas corpus* relief. This timely appeal followed.

¶ 5 On appeal, Appellant assails the denial of his *habeas corpus* petition, arguing that extradition would be improper in this case because: (1) he did not commit a crime in West Virginia; (2) West Virginia lacks jurisdiction over him; (3) he is not a fugitive from justice from West Virginia; (4) the application for requisition did not allege that Appellant committed acts in Pennsylvania that constituted a crime in West Virginia; and (5) the Monongalia County prosecutor who prepared the application for requisition erroneously averred in the application that Appellant was physically present in West Virginia when the alleged offense occurred.

1. Appellant's telephone records showed that a total of three calls were made from his apartment to Ms. Blizzard's home. *See* N.T hearing, 8/26/05, at 23–24.

¶ 6 In cases of this nature, our review of the denial of the *habeas corpus* petition is limited to determining whether the trial court had subject matter jurisdiction and whether the proceedings were regular and in conformity with the law. *Commonwealth ex rel. Hunt v. Groman,* 169 Pa.Super. 68, 82 A.2d 278 (1951); *Commonwealth ex rel. Mattox v. Superintendent of County Prison,* 152 Pa.Super. 167, 31 A.2d 576 (1943).

¶ 7 Appellant initially contends that he should be discharged because the acts described in the application for requisition do not constitute a crime under West Virginia law. This argument does not warrant relief because it relates to guilt or innocence, and we cannot address that question at this juncture. *See Commonwealth v. Valentin,* 448 Pa.Super. 519, 672 A.2d 338 (1996). Indeed, 42 Pa.C.S. § 9141 provides as follows:

> The guilt or innocence of the accused as to the crime of which he is charged may not be inquired into by the Governor, or in any proceeding after the demand for extradition accompanied by a charge of crime in legal form as provided in this subchapter shall have been presented to the Governor, except as it may be involved in identifying the person held as the person charged with the crime.

¶ 8 Thus, under section 9141, Appellant's guilt or innocence is immaterial at this stage of the proceedings, and since he admits that he is the individual identified in the Governor's warrant, extradition must be permitted if the requisition papers are otherwise in order. *See Commonwealth ex rel. Hulse v. Gedney,* 265 Pa.Super. 505, 402 A.2d 551 (1979) (if accused fails to offer evidence rebutting allegations in requisition papers, extradition must be allowed if accused is identified as person sought in warrant).

¶ 9 Next, Appellant asserts that West Virginia lacks jurisdiction to prosecute him in light of the facts alleged in the application for requisition. Specifically, Appellant claims that there is no indication that "the statute in question is enforceable beyond the jurisdiction of the State of West Virginia." Appellant's brief at 23. We decline to address this argument. As noted *supra,* our standard of review instructs that we are limited to determining whether the court that presided over the *habeas corpus* proceeding had subject matter jurisdiction and whether the hearing was conducted in accordance with Pennsylvania law. As we are not authorized to interpret the laws of West Virginia in this appeal, we cannot review this claim.

¶ 10 We now turn to Appellant's remaining issues, which are premised on the assertion that the Governor's warrant was deficient because the application for requisition contained inaccurate information. In essence, Appellant posits that the warrant was inherently flawed because the requisition papers incorrectly stated that Appellant was physically present in West Virginia when the alleged offense was committed and that he subsequently fled to Pennsylvania. As a result, Appellant claims that the trial court should have granted *habeas corpus* relief and forced the Governor of West Virginia to file a properly-worded application for requisition.

¶ 11 The record reveals that the application for requisition drafted by the West Virginia prosecutor stated that Appellant had been charged with stalking in that state based on allegations that he made two telephone calls from a Pennsylvania area code to Ms. Blizzard's residence in violation of a written agreement executed in January 1986. However, the application incorrectly provided that Appellant "is a

fugitive from the justice of [West Virginia], and has taken refuge in the State of Pennsylvania." Application for requisition, 6/15/05, at 1. In addition, the accompanying certification document signed by the Governor of West Virginia authenticating the application for requisition indicated that Appellant "intentionally commit[ed] an act or acts **in the State of West Virginia** resulting in [the] crime [of stalking] in this State, has fled from the justice of this State, and it has been represented to me that the accused is now to be found in the State of Pennsylvania." Executive certification, 6/17/05, at 1 (emphasis added). Based upon the averments contained in the application and certification, Governor Rendell issued an extradition warrant which states, "It has been represented to me by the Governor of the State of West Virginia that Kevin M. Livengood stands charged with the crime(s) of Stalking and is a fugitive from justice of the State and has taken refuge in the Commonwealth of Pennsylvania .…" Governor's warrant, 7/21/05, at 1.

¶ 12 The issue herein is whether these inaccuracies rendered the Governor's warrant invalid. Appellant claims that he is entitled to discharge because the application for requisition contained false information. The Commonwealth counters that the application alleged sufficient facts to permit Governor Rendell to exercise the power granted to him under 42 Pa.C.S. § 9127, which provides that "the Governor of this Commonwealth may also surrender … any person in this Commonwealth charged in such other state … with committing an act in this Commonwealth or in a third state intentionally resulting in a crime in the state … making the demand [for extradition]." [2] For reasons discussed

*infra,* we reject the Commonwealth's argument and hold that the warrant was deficient.

¶ 13 As noted, section 9127 gives the Governor of Pennsylvania discretionary authority to surrender individuals charged with committing acts in Pennsylvania that resulted in a crime in the demanding state. Thus, if the application for requisition alleges facts supporting extradition under section 9127, the Governor **may** order the accused to be taken into custody by Pennsylvania authorities and delivered to the demanding state to face prosecution. In the case at bar, however, the application for requisition and the accompanying certification both indicated that Appellant committed criminal acts in West Virginia and subsequently fled to Pennsylvania. Hence, the Governor of West Virginia did not invoke section 9127; rather, he sought to extradite Appellant pursuant to 42 Pa. C.S. § 9123. Unlike section 9127, section 9123 provides that "it is the duty of the Governor of this Commonwealth to have arrested and delivered up to the executive authority of any other state of the United States any person charged in that state with treason, felony, or other crime, who has fled from that justice and is found in this Commonwealth" (emphasis added). The extradition warrant issued by Governor Rendell confirms that he believed he had a nondiscretionary duty to deliver Appellant to West Virginia authorities because the requisition papers indicated that he was a fugitive from that state.

¶ 14 Given these facts, we disagree with the trial court's assessment that "the extradition papers sent to [Governor Rendell] by Governor Manchin clearly establish [an] allegation [that Appellant committed an act in Pennsylvania that re-

**2.** Section 9127 is contained in the Uniform Criminal Extradition Act codified at 42 Pa. C.S. §§ 9121–9148.

**560**

sulted in a crime in West Virginia]." Trial Court Opinion, 9/30/05, at 3. Contrary to the court's position, the record establishes that Governor Rendell issued his warrant believing that he was obligated to do so, when in fact he had discretion under 42 Pa.C.S. § 9127 to deny extradition because the charges at issue stem from two telephone calls that purportedly originated in Pennsylvania. Therefore, as it was not issued in accordance with the Uniform Criminal Extradition Act, the extradition warrant was invalid, and the trial court erred in refusing to grant a writ of *habeas corpus*. *Accord Commonwealth ex rel. Spivak v. Heinz*, 141 Pa.Super. 158, 14 A.2d 875 (1940) (*en banc*) (trial court erred in denying *habeas corpus* petition where governor's warrant did not aver that accused committed act in Pennsylvania intentionally resulting in crime in demanding state).

¶ 15 For the reasons stated herein, we find that the trial court improperly denied *habeas corpus* relief. As the record confirms that the Governor's warrant was issued based upon misstatements of fact contained in the application for requisition, we conclude that the proceedings at issue were not conducted in accordance with the law of this Commonwealth.

¶ 16 Order vacated. Appellant is discharged.