J. S07045/18

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA EX REL. CHIRAL RODRIGUEZ, | : : : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellant | : : | |
| v. | : : | No. 2586 EDA 2017 |
| KEVIN KAUFFMAN, WARDEN | : | |

Appeal from the Order Entered July 10, 2017,
in the Court of Common Pleas of Lehigh County
Civil Division at No. 2017-C-1544

BEFORE:  BENDER, P.J.E., PANELLA, J., AND FORD ELLIOTT, P.J.E.

MEMORANDUM BY FORD ELLIOTT, P.J.E.:        **FILED APRIL 25, 2018**

Chiral Rodriguez appeals *pro se* from the July 10, 2017 order denying his petition for a writ of **habeas corpus** and motion to dismiss.  After careful review, we affirm.

The relevant facts and procedural history of this case are as follows. On May 16, 2017, appellant filed a *pro se* petition in the Civil Division of the Court of Common Pleas of Lehigh County that is the subject of this appeal. Appellant styled this petition as a "Petition for Writ of **Habeas Corpus Ad Subjiciendum**[1] and a Motion to Dismiss for Violation of Rights Secured under the United States Constitution 5th, 6th, and 14th Amendment

---

[1] A writ of **habeas corpus ad subjiciendum** is defined as "[a] writ directed to someone detaining another person and commanding that the detainee be brought to court." (Black's Law Dictionary 778 (9th ed. 2009).)

Rights 316 and 3162," and initiated this action against Kevin Kauffman in his capacity as the Superintendent of SCI Huntingdon, where appellant is incarcerated. This petition stems from appellant's March 13, 2017 request to prison authorities at SCI Huntingdon that he "be processed for outside clearance to fill an opening in the barber shop." (**Habeas corpus** petition, 5/16/17 at 3, ¶ 3.) However, appellant was determined to be ineligible for this program due to a New Jersey detainer that was lodged against him in 2012. (**Id.** at 3-4, ¶¶ 3-8.) In his petition, appellant asserted that his constitutional right to a speedy trial was violated by the State of New Jersey and requested that the trial court dismiss the New Jersey detainer, with prejudice. (**Id.** at 4-5, ¶ 12; **see also** memorandum of law, 5/16/17 at 4, ¶ 15.)

On July 10, 2017, the trial court denied appellant's petition for a writ of **habeas corpus** and motion to dismiss. Appellant filed a timely notice of appeal on August 8, 2017. The trial court did not order appellant to file a concise statement of errors complained of on appeal, in accordance with Pa.R.A.P. 1925(b). The trial court filed its Pa.R.A.P. 1925(a) opinion on August 16, 2017, concluding that it lacked jurisdiction to lift the New Jersey detainer and that appellant's petition was properly denied. (**See** trial court opinion, 8/16/17 at 2.)

On appeal, appellant contends that the trial court erred in dismissing his petition for writ of **habeas corpus** because his constitutional right to a

speedy trial was violated by the State of New Jersey. (Appellant's brief at 3-4, 10; *see also* memorandum of law, 5/16/17 at 2, ¶ 8.) Appellant maintains that the trial court should have discharged the New Jersey detainer because it violated both the Interstate Agreement on Detainer Act ("IAD")[2] and the Uniform Criminal Extradition Act ("UCEA").[3] (Appellant's brief at 3, 7-9). In support of these contentions, appellant further avers that:

> [Appellant] has been "under arrest" for 1,590 days and counting, and New Jersey has not exercised due diligence in securing [appellant] for trial in New Jersey.
>
> New Jersey should have at least initiated extradition proceedings within 365 days from the filing of [a] complaint for defendants who are imprisoned in another state in order to meet it's [sic] duty as to due diligence.

Memorandum of law, 5/16/17 at 2, ¶¶ 9-10 (capitalization, numeration, and citations omitted). For the following reasons, we disagree.

The statutory writ of **habeas corpus** is codified at 42 Pa.C.S.A. §§ 6501-6505. The statutory writ lies only for commitments under the criminal process. **See** 42 Pa.C.S.A. § 6501 **et seq**. The statutory framework for the writ expressly provides that "the writ of **habeas corpus** shall not be available if a remedy may be had by post-conviction hearing

---

[2] 42 Pa.C.S.A. §§ 9101-9108.

[3] 42 Pa.C.S.A. §§ 9121-9148.

proceedings authorized by law." 42 Pa.C.S.A. § 6503(b). Moreover, we note that the Post Conviction Relief Act ("PCRA")[4] explicitly states that an action under the PCRA is the "sole means of obtaining collateral relief and encompasses all other common law and statutory remedies . . . including *habeas corpus*." 42 Pa.C.S.A. § 9542. Plainly stated, "[u]nless the PCRA could not provide for a potential remedy, the PCRA statute subsumes the writ of *habeas corpus*." *Commonwealth v. Taylor*, 65 A.3d 462, 465 (Pa.Super. 2013) (citations omitted).

Notwithstanding the admonition that claims be "channeled" into the PCRA, "the privilege of the writ of *habeas corpus* shall not be suspended." 42 Pa.C.S.A. § 6501. In *Taylor*, we explained:

> The common law writ of *habeas corpus* has not been eliminated. In both *Commonwealth v. West*, [938 A.2d 1034 (Pa. 2007)] and *Commonwealth v. Judge*, [916 A.2d 511 (Pa. 2007)], our Supreme Court held that claims that fall outside the sphere of the PCRA can be advanced via a writ of *habeas corpus*.

*Taylor*, 65 A.2d at 466 n.3 (citation formatting amended). Here, the claims raised in appellant's petition for a writ of *habeas corpus* are not cognizable under the PCRA; accordingly, we elect to address them under the purview of *habeas corpus*.

"*[H]abeas corpus* is a civil remedy which lies solely for commitments under criminal process." *Commonwealth v. McNeil*, 665 A.2d 1247, 1249

---

[4] 42 Pa.C.S.A. §§ 9541-9546.

(Pa.Super. 1995) (citation omitted). "**Habeas corpus** is an extraordinary remedy and may only be invoked when other remedies in the ordinary course have been exhausted or are not available." **Id.** (citation omitted).

> Our standard of review of a trial court's order denying a petition for writ of **habeas corpus** is limited to abuse of discretion. Thus, we may reverse the court's order where the court has misapplied the law or exercised its discretion in a manner lacking reason. **As in all matters on appeal, the appellant bears the burden of persuasion to demonstrate his entitlement to the relief he requests.**

**Rivera v. Pennsylvania Dept. of Corr**., 837 A.2d 525, 528 (Pa.Super. 2003) (citations omitted; emphasis added), **appeal denied**, 857 A.2d 680 (Pa. 2004). "In cases of this nature, our review of the denial of the **habeas corpus** petition is limited to determining whether the trial court had subject matter jurisdiction and whether the proceedings were regular and in conformity with the law." **Commonwealth v. Livengood**, 901 A.2d 556, 558 (Pa.Super. 2006) (citations omitted).

Upon review, we agree that neither the trial court nor this court possess the jurisdiction to grant appellant the relief he seeks in this case; namely, the dismissal of an out-of-state detainer lodged against him in New Jersey. Appellant filed the instant action in the Civil Division in the Court of Common Pleas of Lehigh County, Pennsylvania. Pennsylvania courts lack subject matter jurisdiction over criminal cases in which all relevant acts occur in a different state. **Commonwealth v. Kloss**, 385 A.2d

480, 482 (Pa.Super. 1978) (stating, "[j]urisdiction to try a person on a criminal charge lies only in the courts of the state or county where the crime was committed."). Thus, we lack subject matter jurisdiction to consider whether New Jersey is time-barred under the IAD from proceeding in its prosecution of appellant, in purported violation of his right to a speedy trial.

"The IAD is an agreement between 48 states, the District of Columbia, Puerto Rico, and the Virgin Islands that establishes procedures for the transfer of prisoners incarcerated in one jurisdiction to the temporary custody of another jurisdiction which has lodged a detainer against them." *Commonwealth v. Booze*, 953 A.2d 1263, 1266 n.3 (Pa.Super. 2008) (citations omitted), *appeal denied*, 13 A.3d 474 (Pa. 2010).

> Unlike a request for extradition, which is a request that the state in which the prisoner is incarcerated transfer custody to the requesting state, a detainer is merely a means of informing the custodial jurisdiction that there are outstanding charges pending in another jurisdiction and a request to hold the prisoner for the requesting state or notify the requesting state of the prisoner's imminent release.

*Commonwealth v. Williams*, 896 A.2d 523, 536 n.5 (Pa. 2006) (citation omitted), *cert. denied*, 549 U.S. 1213 (2007).

> A State seeking to bring charges against a prisoner in another State's custody begins the process by filing a detainer . . . . After a detainer has been lodged against him, a prisoner may file a "request for a final disposition to be made of the indictment, information, or complaint." Art. III(a). Upon such a request, the prisoner "shall be brought to trial within one hundred eighty days," provided that for good cause shown in open court, the prisoner or his

counsel being present, the court having jurisdiction of the matter may grant any necessary or reasonable continuance. . . . If a defendant is not brought to trial within the applicable statutory period, the [IAD] requires that the indictment be dismissed with prejudice. Art. V(c).

**New York v. Hill**, 528 U.S. 110, 112 (2000).

As our supreme court further explained in **Williams**, "Article III of the [IAD] permits a prisoner to seek a temporary transfer to the jurisdiction that has filed a detainer for final disposition of outstanding charges in the transferee jurisdiction. A prisoner utilizing Article III must transmit his request **to the prosecutor and the court in the detaining jurisdiction**." **Williams**, 896 A.2d at 554 (emphasis added); **see** 42 Pa.C.S.A. § 9101.[5]

---

[5] Article III(a) of the IAD provides as follows:

> (a)    Whenever a person has entered upon a term of imprisonment in a penal or correctional institution of a party state, and whenever during the continuance of the term of imprisonment there is pending in any other party state any untried indictment, information or complaint on the basis of which a detainer has been lodged against the prisoner, he shall be brought to trial within 180 days after he shall have caused to be delivered to the prosecuting officer and the appropriate court of the prosecuting officer's jurisdiction written notice of the place of his imprisonment and his request for a final disposition to be made of the indictment, information or complaint: Provided, [t]hat for good cause shown in open court, the prisoner or his counsel being present, the court having jurisdiction of the matter may grant any necessary or reasonable continuance. The request of the prisoner shall

Instantly, the procedural requirements of the IAD are not applicable here, as this is not an instance where the Commonwealth failed to take adequate steps to secure appellant's presence in Pennsylvania or failed to exercise due diligence to bring appellant back to **this jurisdiction** for a timely trial. Rather, appellant is already serving a sentence of confinement in this Commonwealth, and it was New Jersey, the "detaining jurisdiction," **see Williams**, 896 A.2d at 554, that lodged a detainer against appellant in 2012 so that he could be tried there.

In reaching this conclusion, we note that decisions of the Court of Common Pleas, while not binding upon this court, may serve as persuasive authority. **See Boehm v. Riversource Life Ins. Co.**, 117 A.3d 308, 322 n.6 (Pa.Super. 2015) (stating, "[w]e recognize that decisions of the Court of Common Pleas are not binding precedent; however, they may be considered for their persuasive authority[]"), **appeal denied**, 126 A.3d 1281 (Pa. 2015). We find the reasoning of the Cumberland County Court of

---

> be accompanied by a certificate of the appropriate official having custody of the prisoner, stating the term of commitment under which the prisoner is being held, the time already served, the time remaining to be served on the sentence, the amount of good time earned, the time of parole eligibility of the prisoner, and any decisions of the state parole agency relating to the prisoner.

42 Pa.C.S.A. § 9101, Art. III(a).

Common Pleas in ***O'Connor v. Cole***, 17 Pa.D.&C. 3d 233 (Pa.Com.Pl. 1980), to be particularly informative. The ***O'Connor*** court stated:

> Although the purpose of the [IAD] is to encourage the expeditious and orderly disposition of outstanding charges, the act does not give a sending state[, in this case Pennsylvania,] the authority to dismiss a detainer filed by a party state[, in this case, New Jersey] either through the courts or through the governor's office.

***Id.*** at 234-235 (internal quotation marks omitted; text in brackets added).

We also find that appellant's ancillary argument with respect to the UCEA is also misplaced. In ***In re Garcia***, 984 A.2d 506 (Pa.Super. 2009), a panel of this court explained that,

> [t]he [UCEA] is inapplicable to sentenced prisoners. At least one Pennsylvania federal district court has similarly concluded that the UCEA is inapplicable to persons [] who are sentenced prisoners in Pennsylvania and who are facing criminal charges in another state which is also a party to the Interstate Agreement on Detainers.

***In re Garcia***, 984 A.2d at 508 (internal quotation marks and case citations omitted; brackets in original). Here, there is no evidence in the record that New Jersey ever requested extradition of appellant pursuant to the UCEA.

Based on the foregoing, we conclude that the trial court properly denied ***habeas corpus*** relief in this case. Accordingly, we affirm the trial court's July 10, 2017 order.

Order affirmed.

J. S07045/18

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 4/25/18